ALFRED A. HEATH *vs.* AARON J. BATES.

An attorney-at-law, who places a writ in the hands of an officer for service, is personally responsible to the officer for his fees, unless he expressly informs him at the time that he will not be so responsible, or there are circumstances which make it clear that that was the understanding of the parties.

CIVIL ACTION for the recovery of fees due the plaintiff as an officer for the service of writs placed in his hands for service by the defendant, an attorney-at-law; brought originally before a justice of the peace, and by the defendant ·appealed to the Court of Common Pleas, and in that court

tried to the jury before *Hall, J.* Verdict for the plaintiff and motion for a new trial by the defendant. The case is sufficiently stated in the opinion.

A. H. *Averill*, in support of the motion, contended that in the absence of a general custom, and where the principal is disclosed, as was the case here by the names of the parties appearing on the writs, an attorney is not liable to an officer for his fees for the service of writs placed in his hands by the attorney unless he has expressly agreed to be so liable; citing *Eastman* v. *Coos Bank*, 1 N. Hamp., 23; *Towle* v. *Hatch*, 43 id., 272; *Judson* v. *Gray*, 11 N. York, 408; *Bonynge* v. *Field*, 81 id., 159; *Welsh* v. *Goodwin*, 123 Mass., 71; *Adams* v. *Whittlesey*, 3 Conn., 566; *Ogden* v. *Raymond*, 22 id., 379; *Hewitt* v. *Wheeler*, id., 557; Story on Agency, § 135.

L. D. *Brewster* and H. *Scott*, contra, cited Weeks on Attorneys, 232, 234; *Adams* v. *Hopkins*, 5 Johns., 252; *Ousterhout* v. *Day*, 9 id., 114; *Trustees of Watertown* v. *Cowan*, 5 Paige, 510; *Judson* v. *Gray*, 11 N. York, 408; *Campbell* v. *Cothran*, 56 N. York, 279; *Tarbell* v. *Dickinson*, 3 Cush., 346; *Merriman* v. *Newman*, 20 Weekly Reporter, 369; *Scrace* v. *Whittington*, 2 Barn. & Cress., 11; *Foster* v. *Blakelock*, 5 id., 328; *Walbank* v. *Quarterman*, 3 Com. Bench, 94; *Brewer* v. *Jones*, 10 Exch., 655.

PARK, C. J. The plaintiff, a deputy sheriff, sued the defendant, an attorney at law, for fees due him for the service of writs placed in his hands for service by the defendant. The plaintiff claimed that the placing of the writs in his hands for service, constituting a request that he should serve them, raised an implied contract on the part of the defendant to pay his fees for the service. The defendant claimed that in such a case there was no implied agreement to pay the fees, but that, as he was an attorney, acting for his clients, and they were known to the plaintiff, the clients only were liable to the plaintiff, unless he him-

self expressly agreed to pay the fees. The parties were at issue upon some questions of fact, but the points of law claimed by each were as here stated. The court charged the jury that an attorney might make himself personally liable for the fees of an officer, by either an express or implied contract, where such was his intention; that if he failed to disavow a personal liability at the time, the fact that he was contracting for his principal and not for himself might be gathered from the circumstances; that the burden of proving the implied contract rested on the plaintiff; and that the court would not say what facts or circumstances would constitute sufficient evidence of the implied contract, but that it was a question for the jury whether the contract was as claimed by the plaintiff or as claimed by the defendant. The jury returned a verdict for the plaintiff for the full amount of the fees charged.

The defendant has no reason to complain of these instructions. If they err at all it is in his favor. Under them the jury must have found that he intended to make himself personally liable. An actual intent to do so was not necessary. Such an intent might be inferred from his conduct. While in one sense the client is the principal and the attorney the agent, and while the attorney is professionally and constantly acting for clients, whose names from the records of the courts and other means of publicity are almost always known or may be so, yet there are peculiarities in his case which make it necessary to apply to it with some qualification the general principles of agency. In most cases of agency the principal is what the name imports—the leading person in the transaction. The agent is, as the term implies, a mere subordinate, important only as the representative of the principal; often representing only one principal. An attorney at law, on the other hand, occupies a position of recognized importance in itself, not infrequently of great prominence before the public, in which he often has a large number of clients, his relations to whom are full of detail, and who are little noticed by the public. In these circumstances, if every officer who serves

a writ at the attorney's request, if every clerk of court who enters a case for him upon the docket, is to look only to his clients as their debtors, an inconvenience will be wrought that has no commensurate good to counterbalance it. It is true that an officer can refuse to serve a writ unless his fees are paid or secured, but this right is practically of little advantage to him. A writ is sent him by mail by an attorney of some other town or county. It requires immediate service. The officer desires to be prompt and faithful. It is putting upon him an unnecessary burden to require him to take the risk of losing his fees, or to wait till he can hear from the plaintiff or his attorney at the risk of losing all opportunity to make service of the writ. It is perfectly easy for the attorney, if he does not wish to be personally responsible, so to inform the officer when he gives him the writ. It is to be borne in mind that the attorney knows the plaintiff, while the officer may know nothing of him. It is generally the case that an attorney has a running account with certain officers who serve a large number of writs for him, and who would be put to great inconvenience if compelled to make their charges in each case to the plaintiff, especially when they have no knowledge that the attorney has received actual authority to bring the suit. The attorney has already his account with his client, knows what the fact is as to his authority to bring the suit, and could without inconvenience have required a prepayment of the expenses of instituting the suit, and ought to have done so. In every view of the case the rule seems a reasonable one, and the only reasonable one, that an attorney placing a writ in an officer's hands for service, is to be regarded as personally requesting the service and as personally liable for it, unless he expressly informs him that he will not be personally liable. or there are circumstances which make it clear that that was the understanding of the parties.

This is really no departure from the general law of agency. An agent can always bind himself personally where such is his intention. Here it is merely held to be a fair inference from the act of the attorney in placing the

writ in an officer's hands and giving no notice to the contrary, that he intends to be personally liable for his fees. And this inference undoubtedly accords with the actual fact in the great majority of cases. Indeed the exceptions are probably so few as hardly to be entitled to consideration.

This view is sustained by nearly all the authorities, both English and American. In *Walbank* v. *Quarterman*, 3 Com. Bench, 94, MAULE, J., says:—" The inconvenience would be prodigious if it were held that the officer must look to the client for his fees, and there is no inconvenience in the other course." In *Judson* v. *Gray*, 11 N. York, 413, the court, in holding that an attorney is not personally liable for the fees of a referee, expresses doubt whether upon the general principles of agency an attorney should be held liable for the fees of an officer, yet says that there are special considerations affecting that question, and that, in view of repeated decisions in that state, it should be considered as settled that an attorney is liable for the fees of an officer in the absence of notice to the contrary. See also Weeks on Attorneys, 232; *Scrace* v. *Whittington*, 2 Barn. & Cress., 11; *Foster* v. *Blakelock*, 5 id., 328; *Robbins* v. *Bridge*, 3 Mees. & Wels., 114; *Brewer* v. *Jones*, 16 Exch., 655; *Adams* v. *Hopkins*, 5 Johns., 252; *Ousterhout* v. *Day*, 9 id., 114; *Campbell* v. *Cothran*, 56 N. York, 279; *Tarbell* v. *Dickinson*, 3 Cush., 346; *Fowle* v. *Hatch*, 43 N. Hamp., 270.

A new trial is not advised.

In this opinion the other judges concurred.