JOSIAH TILTON vs. JAMES WRIGHT.

Somerset. Opinion August 2, 1882.

*Attorney at law, liability for fees of officer and clerk. Evidence. Practice.*

An attorney at law is liable to the officer for his fees for the service of writs delivered by him to such officer, although he is neither the plaintiff nor a party in interest; likewise to the clerk of courts for his fees on writs delivered by him to such clerk for entry. And neither the officer nor the clerk is required to perform the services without a prepayment of their respective fees.

In an action by an officer for fees, if the plaintiff's bill of particulars does not inform the defendant of what items his fees are composed, the court upon motion, will order a more specific statement thereof.

In such an action, if no notice has been given the defendant under rule twenty-seven of this court to produce his docket, comment upon its non-production before the jury will not be allowed in argument.

ON EXCEPTIONS.

Assumpsit on account annexed for fees as sheriff for the service of writs and other processes, received from the defendant, an attorney at law, amounting to one hundred eighty-eight dollars and fifty cents. The writ also contained a count for money had and received, and was dated September 5, 1881. The jury returned a verdict for seventy-two dollars and ninety-three cents; and the defendant alleged exceptions, which are sufficiently stated in the opinion.

*Folsom and Merrill,* for the plaintiff, cited : *Tarbell* v. *Dickinson,* 3 Cush. 351; *Perkins* v. *McDuffee,* 63 Maine, 182; 43 N. H. 270; *Adams* v. *Hopkins,* 5 Johns. 253; *Ousterhout* v. *Day,* 9 Johns. 114.

*James Wright,* for the defendant, cited : *Whitford* v. *Tutin,* 10 Bingham, 395; *Molton* v. *Harris,* 2 Esp. 549; *Hackett* v. *King,* 6 Allen, 58; *Greely* v. *Quimby,* 22 N. H. 335; 39 N. H. 268; 1 Greenl. Evidence, (11 ed.) § § 86, 87, 88; *Harris* v. *Whitcomb,* 4 Gray, 433; *Belchertown* v. *Dudley,* 6 Allen, 477; *Hobart* v. *County of Plymouth,* 100 Mass. 166; *Reynolds* v. *Brown,* 15 Barb. 226; *Thornton* v. *Moody,* 11 Maine, 253 : *Wilson* v. *Hobbs,* 32 Maine, 85; 2 Denio, 26, 40; R. S., c. 80, § 19; c. 116, § 5; c. 122, § 22; Smith's Leading Cases, part 2, 358; *Judson* v. *Gray,* 11 N. Y. 408; *Jenney* v. *Delesdernier,* 20 Maine, 183; *Ducett* v. *Cunningham,* 39 Maine, 386; *White* v. *Johnson,* 67 Maine, 287; *Teele* v. *Otis,* 66 Maine, 329; 2 Pars. Contr. (5 ed.) 543; *Sawtelle* v. *Drew,* 122 Mass. 228; *Collins* v. *New Eng. Iron Co.* 115 Mass. 25; *Dodge* v. *Favor,* 15 Gray, 82; *Hinton* v. *Locke,* 5 Hill, 437; 14 Johnson, 316; 10 Wallace, 383; 10 Mass. 29; *Haskins* v. *Warren,* 115 Mass. 514; *Randall et al.* v. *Smith,* 63 Maine, 105; 27 Rule of this Court; *Emerson* v. *Fish et al.* 6 Maine, 200.

APPLETON, C. J. This is an action of assumpsit to recover fees due for the service of writs made by the defendant, and by him delivered to the plaintiff for service.

To the rulings of the justice presiding at *nisi prius*, various exceptions have been alleged.

I. It is insisted by the defendant, that as an attorney he was only responsible for the fees on writs handed an officer for service in suits where he was the plaintiff or the party in interest.

Writs are usually handed to the sheriff for service and to the clerk of courts for entry, by the attorney by whom they were made. The attorney has a lien on the judgment recovered, for his fees and disbursements included in the taxable bill of costs, which embraces both the service of the writ and the entry of the action. The attorney having such lien, hands the writ for service to the sheriff or to the clerk for entry. Neither the one nor the other is obliged to perform the services required, without a prepayment of their respective fees. The sheriff serving, and the clerk entering the action without prepayment, a promise on the part of the attorney to pay each their respective dues, may be reasonably inferred, unless notice to the contrary be seasonably given.

Accordingly, it has been repeatedly held, that the attorney is responsible to the sheriff and the clerk for the fees of writs handed by him to the one for service, and to the other for entry. In *Tarbell* v. *Dickinson*, 3 Cush. 345, it was held that an attorney, who employs an officer to serve a writ, and gives him directions therefor, is responsible for the officer's fees for such service. In *Towle* v. *Hatch*, 43 N. H. 270, it was decided, when writs of mesne or final process are committed to the sheriff for service, by the attorney who sues them out, that a promise by such attorney will ordinarily be implied unless repelled by the proof; but it is otherwise, when the writs are not so delivered by him, although he may have indorsed them. In 2 Gall, 101, an attachment was issued against an attorney, on the motion of the marshal, to compel the payment of his fees for the service of sundry writs, brought by an inhabitant of another state, but indorsed by such attorney. "We are satisfied," remarks STORY, J., "that an attach-

ment may issue to compel the payment of the fees due to the officers of the court for the performance of their official duties."

In *Adams* v. *Hopkins*, 5 Johns. 253, and in *Ousterhout* v. *Day*, 9 John. 114, it was decided that the attorney was liable to the sheriff for his fees. In *The Trustees of Watertown* v. *Cowen*, 5 Paige, 510, WALWORTH, C. J., says, that it has "been the uniform practice" in that state "for the sheriffs, clerks, masters, registers and other officers of the several courts of record, to charge their fees to the attorney or solicitor of the party, for whose benefit the service was performed ; . . from the uniform practice on this subject, there is an implied assumpsit by the attorney or solicitor, to pay for services done for his client in the cause, by his express or implied request." In *Judson* v. *Gray*, 1 Kernan, 408, where it was attempted to hold an attorney for the fees of a referee, SELDEN, J., vigorously controverted the extensive liability of an attorney, as set forth by WALWORTH, C. J., in the case last cited. In the conclusion of his opinion, he expressly states that he does not intend to interfere with the doctrine advanced in the case of *Adams* v. *Hopkins*, above cited, where the liability of the attorney to the sheriff was fully recognized.

The attorney is the immediate employer of the sheriff, who cannot be expected to know the parties or their responsibility. There is no more reason for sending the sheriff to the party for his fees, than there is for sending the clerk to the party for his fees, as they may arise in the progress of the cause. They both stand on the same footing.

II. The defendant had a right to have an express statement of the items of the officer's charge for service, travel or expenses paid in the service of the writs in question. Without such information, he could not know what was a legal charge and what was not. If the bill of particulars failed to afford the needed information, he might ask for a specific statement, which on motion, the court would order. No such motion was made. The defendant might be satisfied with the fees as aggregated. The court ruled the items sufficient, no exceptions having been seasonably taken to their sufficiency.

III. By the twenty-seventh rule of court, 72 Maine, 576, "when written evidence is in the hands of the adverse party, no evidence of its contents will be admitted, unless previous notice to produce it on trial be given to such adverse party or his attorney, nor will counsel be allowed to comment upon a refusal to produce such evidence, without first proving such notice."

No notice was given to the defendant to produce his docket or the writs served by plaintiff, yet the plaintiff was permitted to comment on their non production, notwithstanding the protests of the defendant. The docket of the defendant was not evidence admissible on his part. It was not called for by the plaintiff. Its non production could only be a matter of comment, when, upon notice to produce it, the defendant refused. *Emerson* v. *Fish*, 6 Maine, 200. Notice to produce, would not make the book evidence, but inspection of it would. *Penobscot Boom* v. *Lamson*, 16 Maine, 224. The docket not being evidence, its non production was not the proper subject of comment.

*Exceptions sustained.*

BARROWS, DANFORTH, VIRGIN, PETERS and SYMONDS, JJ., concurred.