## JOYCE *v.* MORGAN.

The plaintiff in an action is liable to the sheriff for the service of the writ.
An agreement between attorney and client, unknown to the sheriff, that the client should be subjected to no cost or charge on account of any claim sued unless collected, will not affect the client's liability to the officer for his fees.

Assumpsit, by the plaintiff, a deputy sheriff, for his fees for the service of writs. The action was brought in the police court of Somersworth, where the plaintiff had judgment and the defendant appealed. The writ is dated July 14, 1890. The defendant objected that the plaintiff could not show what his fees were without producing the writs or accounting for their absence. It appeared that the plaintiff returned the writs to the defendant's attorney. The court overruled the objection, and the defendant excepted. The defendant placed demands in the hands of an attorney for collection, under an agreement with the attorney that he (the defendant) should be subjected to no cost or charge on account of any claim unless it was collected. The attorney made writs upon these claims, and delivered them to the plaintiff for service without informing him of his agreement with the defendant. There was no evidence tending to show a usage or custom for sheriffs to charge their fees to the attorney instead of to the party. The plaintiff had no knowledge of the agreement between the defendant and his attorney, and performed the service, relying upon the credit of the defendant and not upon that of the attorney. It was not suggested at the trial, and there was no evidence tending to show, that any of the fees claimed by the plaintiff were illegal or excessive. The court ordered judgment for the plaintiff, and the defendant excepted.

*W. S. & D. R. Pierce*, for the plaintiff.

*O. S. Cormier*, for the defendant.

BLODGETT, J.   The objection that the plaintiff could not show what his fees were without producing the writs which had been served and returned to the defendant's attorney from whom they had been received, requires no consideration ; nor is the plaintiff's right of recovery affected by the agreement between the defendant and the attorney that the defendant should be subjected to no cost or charge on account of any claim unless it should be collected. The plaintiff had no knowledge of the agreement, and performed the service relying upon the credit of the defendant and not upon that of the attorney.   This he might properly do, for although, in the absence of notice to the contrary, an attorney is personally liable to an officer for his fees on writs which he commits to him for service (*Towle* v. *Hatch*, 43 N. H. 270, 272, *Tilton* v. *Wright*, 74 Me. 214, *Heath* v. *Bates*, 49 Conn. 342—*S. C.*, 44 Am. Rep. 234), the officer may, nevertheless, waive his right against the attorney, and look to the client for his fees, if he so elect; but that election being once made, he must abide by it.   *Eastman* v. *Coös Bank*, 1 N. H. 23, 27.

*Exceptions overruled.*

CARPENTER, J., did not sit: the others concurred.