(28 Misc. Rep. 520.)

MEANY v. ROSENBERG.

(Supreme Court, Appellate Term.    July 26, 1899.)

ATTORNEYS—CONTRACTS.
      An attorney, who is employed directly by another attorney to defend a
    case for a client of the latter, may recover for such services from the at-
    torney, though the client would also have been liable.

Appeal from municipal court, borough of Manhattan, Second dis-
trict.

Action by Joseph J. Meany against K. Henry Rosenberg. · From a
judgment for defendant, plaintiff appeals.    Reversed.

Argued before FREEDMAN, P. J., and MacLEAN  and  LEVEN-
TRITT, JJ.

Green & Stotesbury, for appellant.
Abraham Levy, for respondent.

FREEDMAN, P. J. ˙ This action was brought to recover for serv-
ices rendered by plaintiff's assignor, as an attorney and counselor
at law, upon the request of the defendant.    It appears from the tes-
timony that the defendant is an attorney at law, and that the firm
of C. & H. Cohen, of New York City, were clients of his.    Suit was
begun in the city of Washington, D. C., against that firm;  and one
Carrol, plaintiff's assignor, a local attorney residing in that city,
was employed by the defendant to appear, and attend to the inter-
ests of his clients.    For those services this action ·was brought.
The defendant offered no testimony, and the court below rendered
judgment in favor of the defendant.

· The testimony on the part of the plaintiff must be taken as true, 
and ˙ he is entitled to all the reasonable inferences that can be
drawn in˙ his ·favor therefrom.    Several depositions were offered in
evidence by the plaintiff, which were objected ˙to by defendant's at-
torney, and decision thereof was reserved by the court.    They are
attached ·to the return, but it does not appear whether they were
considered by the court below or not.    Assuming that none of the
testimony contained in the depositions was examined by the court
below, there still was sufficient evidence to render the defendant lia-
ble for the amount of the claim in suit.    The only point worthy of
attention urged upon this appeal by the respondent is that the plain-
tiff's assignor, having information that the defendant was the at-
torney for the firm of C. & H. Cohen, was bound to bring his action
against that firm, and that defendant is not liable for the services
rendered.    The plaintiff's assignor, Carrol, was employed directly
by the defendant; and, while the firm of C. & H. Cohen might have
been liable for the acts of the defendant as their attorney under
the circumstances disclosed by the testimony in this case, yet the
defendant was also liable, and Carrol had the right to charge him
with such services.    McGraw v. Godfrey, 14 Abb. Prac. (N. S.) 397.
There was no conflicting evidence in this case, and the proof shows
that credit was given to the defendant, and the defendant, having
contracted with Carrol in his own name, made himself personally

responsible. McGraw v. Godfrey, supra; Cobb v. Knapp, 71 N. Y. 348; Meeker v. Claghorn, 44 N. Y. 349. The plaintiff was shown to be the real party in interest, and the assignment to him was sufficient in law. Meeker v. Claghorn, supra.

Judgment reversed; new trial ordered; costs to appellant to abide the event. All concur.