PHILIP H. BURT & another *vs.* JAMES C. GAHAN, JR.

Suffolk.    October 7, 1966. — November 3, 1966.

Present: WILKINS, C.J., SPALDING, WHITTEMORE, CUTTER, KIRK, SPIEGEL, & REARDON, JJ.

*Attorney at Law.    Agency,* Attorney at law.    *Frauds, Statute of.*

An attorney, and not his client, is in charge of litigation conducted by the attorney on behalf of the client.    [342]

An attorney who, without any explicit agreement with a court stenographer as to payment, ordered stenographic services in litigation conducted by the attorney on behalf of his client was liable to the stenographer for the services.    [342–343]

An oral promise by an attorney to a court stenographer to pay for services rendered in litigation conducted by the attorney on behalf of his client was a promise by the attorney to pay his own obligation and was not a promise to answer for the debt of another, and was not within the statute of frauds, G. L. c. 259, § 1, Second.    [343]

CONTRACT.    Writ in the Municipal Court of the City of Boston dated June 10, 1964.

Burt *v.* Gahan.

The action was heard by *Shamon,* J.

*Joseph F. Lyons* (*Paul A. Kelley* with him) for the defendant.

*Robert R. Clark* for the plaintiffs.

WILKINS, C.J.   The plaintiffs, a partnership of court reporters, were engaged to take shorthand notes of a hearing before an auditor of a petition brought by S. A. Healy Company (Healy), a client of the defendant Gahan (defendant), an attorney-at-law, against the Commonwealth.   This is an action of contract, arising out of those stenographic services, which was brought in the Municipal Court of the City of Boston.   The declaration was in two counts, the first against the defendant and the second against Healy.   The trial judge found for the plaintiffs on the first count and for Healy on the second.   The defendant claimed a report to the Appellate Division, which dismissed the report.   The defendant appealed.

The basic question is the liability of a lawyer for the stenographic report of testimony ordered by him without explicit agreement with the reporter in a case to which his client is a party.

We state facts which the trial judge could have found. The plaintiffs were engaged as shorthand reporters by a telephone request from the defendant's office.   The trial began in December, 1962.   There were hearings on seventy-seven days.   The first day of testimony was March 25, 1963, and the last December 4, 1963.   The auditor's report was filed on May 8, 1964.   Two carbon copies of the transcript were to be furnished to the Attorney General, for which the Metropolitan District Commission was to be liable.   The defendant and the counsel for the Commonwealth told the reporter to send the original to the auditor to be paid one half by each side and to send one copy to the defendant. The defendant requested that the bill for his copy and for one half of the cost of the auditor's copy be sent to him at his office; and that the bill for the other half be sent to the Attorney General.

On July 29, 1963, and on August 13, 1963, respectively,

bills for $3,194.10 and $478.55 were sent to the defendant. When they were received, the defendant was on vacation. In September he was absent from his office because of a broken leg. These bills were not paid for some time, although the plaintiffs made several requests of the defendant. On November 29, 1963, at the defendant's suggestion the plaintiffs sent to Healy a consolidated bill in the amount of $3,672.65. The plaintiffs refused to send the defendant the remaining transcripts of testimony until this bill should be paid. On March 21, 1964, it was paid by a check of Marinucci Construction Company enclosed in a letter of the defendant. Thereafter the plaintiffs sent the defendant the last transcripts together with a bill for $2,765.55, which is the principal sum claimed in this action.

The trial judge found that the defendant "accepted the work of the plaintiffs throughout the long period of time spent by the plaintiffs in his behalf and at no time raised any question as to the quality of the work and the reasonableness of the charge and his liability therefor." It was found that the defendant was liable for such services in the sum of $2,765.55, the amount which, at the outset of the trial, counsel stipulated "represented the fair and reasonable charge for the services done by the plaintiffs."

In the consideration of this case one must not lose sight of the obvious fact that the defendant was trial counsel for a party to the petition heard by the auditor. While in a broad sense counsel may be an agent and his client a principal, there is much more involved than mere agency. The relationship of attorney and client is paramount, and is subject to established professional standards. In short, the attorney, and not his client, is in charge of litigation, and is so recognized by the court. As was said in *Judd & Detweiler, Inc.* v. *Gittings*, 43 App. D. C. 304, 310–311, which concerned the printing of briefs on appeal: "The attorney usually determines what steps are to be taken in his client's interest, and the acts of the attorney in the conduct of litigation are binding upon the client. We therefore deem the just and equitable rule of law thus established to be that, in

the absence of express notice to the contrary, court officials and persons connected, either directly or indirectly, with the progress of the litigation, may safely regard themselves as dealing with the attorney, instead of with the client. This applies not only to obligations incurred by the attorney for actual costs attending the litigation, but to the necessary expenses of attorneys, including the printing of briefs, which are not chargeable as costs in the case." To similar effect, see *Monick* v. *Melnicoff,* 144 Atl. 2d 381 (Mun. Ct. App. D. C.); *Heath* v. *Bates,* 49 Conn. 342, 344–346; *Trimmier* v. *Thomson,* 41 S. C. 125, 128; *Cocks* v. *Searl,* 21 T. L. R. 62.

There is contrary view of the question. See *Petrando* v. *Barry,* 4 Ill. App. 2d 319; *Bonynge* v. *Field,* 81 N. Y. 159. This view we deem to be less persuasive, and it is inconsistent with the statement of this court in *Tarbell* v. *Dickinson,* 3 Cush. 345, 350–351, that an attorney is liable to the sheriff for his fee for serving a writ at the attorney's request.

There is no hardship in the rule we adopt, as it would be a simple matter for the attorney to exclude himself from liability by a statement to that effect.

The defendant argues that there was error in the denial of seventeen requests for rulings. In so far as some of them were based upon the theory that the defendant was agent for a disclosed principal, they are disposed of by what has been said.

The defendant's other requests do not merit much discussion. Some of them merit none. The obligation was that of the defendant, and there was no oral promise to answer for the debt of another. See G. L. (Ter. Ed.) c. 259, § 1, Second. The contention that there was a champertous contract is frivolous.

*Order dismissing report affirmed.*