FORMAN & ZUCKERMAN, P.A. v. DONALD SCHUPAK, ERIC D. ROSENFELD, AND PETER D. FISCHBEIN, INDIVIDUALLY, AND PARTNERS TRADING AS SCHUPAK, ROSENFELD AND FISCHBEIN

No. 7618SC308

(Filed 6 October 1976)

1. **Process § 9; Rules of Civil Procedure § 4— nonresident defendant — contract to be performed in N. C. — in personam jurisdiction**
   Defendants, who were attorneys practicing in N. Y., were subject to the *in personam* jurisdiction of the courts of this State if they promised to pay for legal services to be rendered by plaintiff or if those services were actually performed for defendants with their authorization or ratification, and defendants' contention that they, as attorneys, were acting solely in their representative capacity and that their client was the party responsible for payment to plaintiff is without merit. G.S. 1-75.4(5) a. and b.

2. **Constitutional Law § 24; Process § 9; Rules of Civil Procedure § 4— nonresident defendant — minimum contacts with N. C. — exercise of in personam jurisdiction proper**
   Where defendants sought out plaintiff to assist them in performance of professional services for one of their clients by handling litigation in courts located in N. C., defendants supervised the work product of plaintiff, and on at least three occasions one of the defendants came to N. C. where he attended hearings and otherwise directly participated in the legal services being performed, defendants through their course of conduct had sufficient minimum contacts with N. C. to give the N. C. courts *in personam* jurisdiction over them without offending traditional notions of fair play and substantial justice.

APPEAL by defendants from order of *Wood, Judge*. Order entered 30 January 1976 in Superior Court, GUILFORD County. Heard in the Court of Appeals 26 August 1976.

On 6 October 1975, plaintiff commenced this action against individuals defendants, who are attorneys licensed to practice in the State of New York, and their partnership, to recover attorney fees for services allegedly performed for defendants. All defendants were served in New York City by mail. On 6 November 1975, defendants appeared *pro se* and moved to dismiss the action on the grounds that the North Carolina courts did not have in personam jurisdiction over them. Both parties supplied briefs and affidavits and submitted the motion to the Superior Court without oral argument.

Plaintiff's evidence tended to show that in August 1974, defendants retained plaintiff law firm to perform legal services in cases then pending in United States District Court for the Middle District of North Carolina and in the United States Court of Appeals for the Fourth Circuit; that these services involved litigation between The Munchak Corporation (hereinafter called "Munchak"), a client of defendants, and William John Cunningham, a professional basketball player; that plaintiff's representation of Munchak continued through 19 December 1974; that during the entire period of representation, defendants solely directed all phases of the services performed and aided in the determination of what services were to be performed; that all motions, pleadings, briefs and responses were reviewed by defendants; that the work product resulting from plaintiff's services was approved and ratified by defendants; that on three separate occasions, defendant Peter D. Fischbein came into and remained in North Carolina, where he actively participated in the performance of legal services with plaintiff and attended hearings in this State; that all statements for plaintiff's services and costs were mailed to defendants pursuant to defendants' instructions; that on 3 September 1974, defendants paid to plaintiff the sum of $2,293.50 by a check drawn on the partnership account and thereafter caused a Form 1099 to be filed with the Internal Revenue Service evidencing that defendants had in fact paid said sum and a copy of that form was attached to the affidavit as an exhibit; that all legal services were performed at the express request of the defendants and no other person, firm or corporation; and that following partial payment by defendants, plaintiff is still entitled to

the sum of $5,734.62 representing the balance due for services performed.

Defendants' evidence tended to show that Munchak needed North Carolina counsel to represent it in certain litigation; that Munchak asked defendants to retain North Carolina counsel; that defendants contacted plaintiff and requested representation in said litigation; that plaintiff accepted the engagement and agreed to bill Munchak in care of the defendants' address; that plaintiff did in fact send its statement to Munchak, care of defendants' address; that Munchak had advanced monies in 1974 to defendants, who in turn forwarded $2,293.50 to plaintiff for services rendered; that at no time did defendants ever promise to pay plaintiff for services performed for Munchak; and that plaintiff knew at all times that defendants were not responsible for fees for plaintiff's services.

On 30 January 1976, defendants' motion was denied by order of Wood, Judge, in Guilford County Superior Court. Defendants appeal from that order.

*Forman & Zuckerman, P.A., by William Zuckerman, for plaintiff appellee.*

*Schupak, Rosenfeld and Fischbein, by Peter D. Fischbein, appearing* pro se *and for defendant appellants.*

MORRIS, Judge.

[1] Defendants contend that their activity does not bring them within the scope of G.S. 1-75.4, one of North Carolina's so-called "long arm" statutes. We disagree.

G.S. 1-75.4 sets forth the general grounds for personal jurisdiction by the courts of North Carolina over a nonresident defendant and reads in pertinent part:

> "A court of this State having jurisdiction of the subject matter has jurisdiction over a person served in an action pursuant to Rule 4(j) of the Rules of Civil Procedure under any of the following circumstances:
>
> • • •
>
> (5) Local Services, Goods or Contracts.—In any action which:
>
> a. *Arises out of a promise, made anywhere to the plaintiff or to some third party for the plaintiff's benefit, by*

*the defendant* to perform services within this State or *to pay for services to be performed in this State by the plaintiff; or*

b. *Arises out of* services actually performed for the plaintiff by the defendant within this State, or *services actually performed for the defendant by the plaintiff within this State if such performance was authorized or ratified by the defendant. . . . "* (Emphasis supplied.)

Thus, if defendants promised to pay for plaintiff's services or if these services were actually performed for defendants with their authorization or ratification, the provisions of G.S. 1-75.4 would apply, and defendants would be subject to the in personam jurisdiction of the courts of this State. Defendants, however, deny that they requested or promised to pay for plaintiff's services and that services were performed *for them.* In other words, defendants maintain that they, as attorneys, were acting solely in their representative capacity and that their client was the party responsible for payment to plaintiff. We cannot agree.

In *Burt v. Gahan,* 351 Mass. 340, 220 N.E. 2d 817 (1966), a partnership of stenographic reporters employed to transcribe a pre-trial hearing sued the attorney personally to recover for services rendered. The issue was whether the attorney could be held responsible for such services ordered by him but without explicit agreement as to payment. In holding the attorney personally liable for these costs, the Court stated that

"While in a broad sense counsel may be an agent and his client a principal there is much more involved than mere agency. The relationship of attorney and client is paramount, and is subject to established professional standards. In short, the attorney, and not his client, is in charge of litigation, and is so recognized by the court.

. . .

We therefore deem the just and equitable rule of law thus established to be that, in the absence of express notice to the contrary, court officials and persons connected, either directly or indirectly, with the progress of litigation, may safely regard themselves as dealing with attorney, instead of with the client." 351 Mass. at 342-43, 220 N.E. 2d at 818-19.

We also find the case of *Meany v. Rosenberg,* 28 Misc. 520, 59 N.Y.S. 582 (1899), to be particularly enlightening on this point. In *Meany,* plaintiff's assignor was a Washington, D. C., attorney who was hired by defendant, a New York attorney, to defend one of defendant's clients in a lawsuit brought in Washington. The New York court held that an attorney, employed directly by another lawyer to defend a case for the latter's client, may recover for such services from the lawyer, even though the client would also have been liable. See also *Morris v. Silver,* 312 Ill. App. 472, 38 N.E. 2d 840 (1942). Applying these rules to the case now before us, we are of the opinion that plaintiff's claim arose out of a promise *made by the defendants* and involved services actually *performed for the defendants* which they authorized and ratified. Consequently, the contract between these parties falls within the provisions of G.S. 1-75.4(5) a. and b.

[2] Defendants nonetheless contend that even if their activity comes within G.S. 1-75.4, application of that statute to them in this instant violates the due process requirements guaranteed by the United States Constitution. Again, we disagree. The constitutional limitation on the power of a court to acquire in personam jurisdiction over a nonresident defendant was set out in the landmark case of *International Shoe Co. v. Washington,* 326 U.S. 310, 90 L.Ed. 95, 66 S.Ct. 154 (1945), where it was held that "due process requires only that in order to subject a defendant to a judgment *in personam,* if he be not present within the territory of the forum, he have certain minimum contacts with it such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice'." 326 U.S. at 316, 90 L.Ed. at 102, 66 S.Ct. at 158. Provisions of the North Carolina long arm statutes represent a legislative attempt to assert in personam jurisdiction to the full extent permitted by the due process clause. *First-Citizens Bank & Trust Co. v. McDaniel,* 18 N.C. App. 644, 197 S.E. 2d 556 (1973). Here, defendants sought out plaintiff to assist them in performance of professional services for one of their clients by handling litigation in courts located in North Carolina; defendants supervised the work product of plaintiff; on at least three occasions, one of the defendants came to North Carolina where he attended hearings and otherwise directly participated in the legal services being performed. We believe that defendants, through their course of conduct, had sufficient minimum con-

tacts with North Carolina and that this lawsuit "does not offend 'traditional notions of fair play and substantial justice.'" The order is

Affirmed.

Judges VAUGHN and CLARK concur.