## CIRCUIT COURT OF LOUDOUN COUNTY

County Court Reporters, Inc.

v.

Stephen P. Robin

May 30, 1990

Case No. (Law) 11145

By JUDGE THOMAS D. HORNE

This is an action in debt brought by a court reporting firm to collect a sum alleged to be due for services rendered at the request of an attorney. In response to the action, the defendant attorney denies any personal liability for the debt. He suggests that under traditional principles of agency, he, as agent for a disclosed principal, cannot be held liable on a contract made on behalf of such principal, absent an express agreement to be personally bound.

The evidence shows that on two occasions, the secretary for the attorney called the reporting firm and requested their services at the taking of depositions in the case of *Peekskill Enterprises, Inc. v. Hesco Corporation*, then pending in the Circuit Court of Loudoun County. In each instance, the defendant's secretary did not expressly state what the extent of the liability of the attorney would be for the services rendered in connection with the taking of the depositions.

There are a number of cases from other jurisdictions which have addressed the issue of the liability of an attorney for expenses incurred in relation to services for his client. *See, Annotation*, 66 A.L.R. 4th 256 (1988). Among those Courts which have addressed the issue, there is a diversity of opinion as to the extent of the personal

liability of an attorney for such expenses. While some Courts have applied the general principle of agency and excused a lawyer from any liability for services rendered where the principal is disclosed absent an express agreement of the attorney to be bound, other Courts have viewed such contracts by attorneys differently from other contracts for services and held the attorney personally liable. The latter view, this Court believes, should control the outcome of this case.

Any attorney occupies a unique relationship in the management of litigation on behalf of his client. While his authority is not unlimited, he must take all lawful steps for the protection of his clients' interest. *Va. Electric & Power Co. v. Bowers*, 181 Va. 543 (1943). In the instant case, based upon a phone call from the attorney's secretary, the court reporter agreed to provide services to the attorney and extend him credit. No express limitation of liability was conveyed by the attorney or his secretary to the reporter. The reporter found no need to question the authority of the secretary to contract for the services.

Accordingly, the Court believes that the line of cases which have held that, consistent with modern principles relating to the relationship between attorney and court-related personnel, an attorney ordering a transcript in connection with litigation is ordinarily to be treated as a principal and thus personally responsible for payment absent an express disclaimer. *See, e.g., Burt v. Gahan*, 351 Mass. 340, 220 N.E.2d 817 (1966); *Ingram v. Lupo*, 726 S.W.2d 791 (Mo. App. 1987). Under such circumstances, it is the attorney who must look to his client for payment and not those providing the service.

The Court will award judgment to the plaintiff in the amount of $676.40 with interest at the rate of 8% per annum from September 19, 1986, less a credit of $93.60 by payment made September 26, 1989, and costs.