Hershfang, J.
Is a law firm that hires a lawyer title-examiner for a disclosed principal liable to pay for that work when the principal does not? In the circumstances of this case the trial court ruled, “No.” We agree.
Rainen Law Office, P.C. (“Plaintiff’) sought to recover $5,941.50 against the Friedman & Atherton law firm (“Defendant”) for title work. Relying on the well-established agency principle that an agent is not responsible for the deficiency of a disclosed principal, here, The Dime Savings Bank of New York (“Dime”), Defendant denied liability. It filed a motion to dismiss. Following a hearing on that motion and entry of the order stating that the motion would be treated as one for summary judgment under Mass. R. Civ. P, Rule 56, the trial judge allowed both parties to file affidavits in support of their respective positions.[1] Following a second hearing and the filing of additional memoranda by the parties, the trial judge dismissed the complaint and ruled that Defendant, as a mere agent, could not be held responsible for a contract made on behalf of a disclosed principal. This appeal followed.
Plaintiff does not dispute the well-settled rule that unless the parties agree otherwise, an agent who makes a contract on behalf of a disclosed principal does not become a party to the contract and cannot be held liable thereunder. Clark v. Rowe, 428 Mass. 339, 346 (1998); Porshin v. Snider, 349 Mass. 653, 655 (1965). Rather, Plaintiff argues that Burt v. Gahan, 351 Mass. 340 (1966), excepts lawyers from that general rule.
In Burt the defendant attorney hired the plaintiffs as shorthand reporters to provide stenographic services for a trial. Burt v. Gahan, 351 Mass. at 341. Defendant instructed the plaintiff to send the bill for the transcripts to the defendant at his office. Id. Defendant paid a portion of the bill, and the amount that remained unpaid became the subject of the dispute in the case. Id. at 341-42.
In affirming the lawyer’s liability for the disputed amount, Burt reasoned that although the lawyer may be an agent acting on behalf of a principal, the case involved much more than mere agency. Id. at 342. Burt went on to say that the attorney is in charge of litigation and that persons connected with the progress of the litigation “may safely regard themselves as dealing with the attorney, instead of with the client.” Id. at 342-43. The attorney usually decides the litigation strat *117 egy and binds its client by its acts in the conduct of the litigation. Id. at 342. In seeking to bring its claim here under the Burt exception, Plaintiff points out that some of its title services here were directly related to litigation matters and therefore analogous to the stenographic services involved in Burt. Defendant says, “No.” Dime was neither a party to a pending litigation matter nor connected with the progress of litigation within the meaning of Burt. Rather, Defendant contends that it was simply serving as an intermediary between Plaintiff and Dime for real estate-related matters. Defendant also contends that, as is specifically differentiated in Burt, it expressly disclaimed liability for any of Dime’s expenses. Burt v. Gahan, 351 Mass. at 343.
Plaintiff misses the Burt exception in significant respects. First, in contrast to Burt, Plaintiff here agreed to an arrangement whereby its bills would go to and be paid by Dime, the disclosed principal, and Plaintiff did in fact receive and deposit checks from Dime. In contrast, there was no notice or agreement in Burt that the stenographer there had a relationship with anyone other than the attorney who enlisted its services. Burt, supra at 341-43. Second, nothing in the record suggests that Plaintiff performed title work as part of an ongoing litigation matter or in preparation for pending litigation. Just because some of the title work may have been related to litigation is not enough to bring this situation within the rationale of the Burt exception.[2] We are thus not persuaded that the Burt exception applies here.
Plaintiffs final point is that the trial judge incorrectly ruled that there was no genuine issue of material fact as to whether the disputed amount arose exclusively out of services performed for Dime. Plaintiff argues that the record does not support the conclusion that Plaintiff knew the identity of Defendant’s client who requested the title examination services. Defendant argues persuasively, however, that the summary judgment record removes any genuine dispute as to whether Dime’s identity had been disclosed to the Plaintiff and whether the disputed amount in this case involved services for clients other than Dime.
Of course, the grant of summary judgment is appropriate where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Cassesso v. Commissioner of Correction, 390 Mass. 419, 422 (1983); Community Nat’l Bank v. Dawes, 369 Mass. 550, 553 (1976); Mass R. Civ. R, Rule 56(c), 365 Mass. 824 (1974). The moving party assumes the burden of affirmatively demonstrating that there is no genuine issue of material fact on every relevant issue. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). If the moving party establishes the absence of a triable issue, the opposing party must respond and *118 allege specific facts that would establish the existence of a genuine issue of material fact for trial. Id.; Mass. R. Civ. R, Rule 56(e), 365 Mass. 825 (1974). Although the material supplied by the moving party in support of its motion need not disprove an essential element of the claim of the party on whom the burden of proof at trial will rest, it must demonstrate that proof of that element at trial is unlikely to be forthcoming. Kourouvacilis v. General Motors Corp., 410 Mass. 706, 714 (1991). Once the defendant meets its burden, the burden shifts to the plaintiff to demonstrate with admissible evidence the existence of a dispute as to material facts. Id. at 711.
Here, Defendant has established through the affidavit of its employee, who was responsible for overseeing the bills submitted by the Plaintiff for title examination, that the invoices giving rise to the disputed amounts in this case are related to work performed solely for Dime. In addition, the affidavit establishes Plaintiffs knowledge of the billing code for Dime matters and Plaintiffs awareness that all invoices containing that code were Dime matters. The affidavit further establishes that beginning August, 1992, Plaintiff was aware that Dime would pay the Plaintiff directly, which Dime in fact did. Plaintiff never objected to this arrangement and continued to accept work related to Dime. In contrast, Plaintiff has failed to allege “specific facts that would establish the existence of a genuine issue of material fact for trial.” Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). Plaintiff did not produce more than some conclusory allegations that it rendered services for Defendant on behalf of clients other than Dime. Thus, the Plaintiff has not shown that it has a reasonable expectation of proving its case at trial.
Having failed to establish that the trial judge committed error in dismissing the Plaintiffs case, the order granting the Defendant’s motion to dismiss is hereby affirmed.

 It was well within the discretion of the trial judge to construe a motion to dismiss as a motion for summary judgment. Wrightson v. Spaulding, 20 Mass. App. Ct. 70, 72-73 (1985), further appellate review denied, 395 Mass. 1103 (1985). As neither party disputes the trial judge’s action in this regard, this appeal is treated as an appeal from a grant of summary judgment. Taplin v. Chatham, 390 Mass. 1, 2 (1983).

 We believe that some unstated factors may have driven the Burt court to reach the result that it did. First, in the fast-paced and often confusing context in which trials occur, stenographers and other ancillary service providers who trial attorneys may enlist cannot and ought not be held responsible for knowledge of the client on whose behalf they may be acting. The primary and often sole contact of these ancillary service providers is the trial attorney. Second, it would reflect negatively on the legal profession as a whole if those persons assisting in the preparation and trial of cases are denied payment simply because the attorney who hires them is ultimately working for his client. These ancillary service providers may not always understand the precise nature of the relationship and should not be denied payment for services in favor of an attorney who does understand it. Here, of course, Plaintiff is a lawyer or law firm and thus chargeable with an awareness of the long-standing agency law regarding a disclosed principal. See The Massachusetts Co. v. Christensen, 1996 Mass. App. Div. 121, 123 (North. Dist. 1996) (defendant attorney held liable in malpractice action for, among other things, not being aware of a relevant statute and caselaw interpreting that statute).