OPINION
Cynthia Carpenter appeals from a judgment of the Hamilton Municipal Court which awarded Patricia Ingram $629.50 plus interest based upon the theories of breach of an oral contract and promissory estoppel.
On September 18, 1996, Patricia Ingram filed a complaint against Cynthia Carpenter for breach of an oral contract. On October 29, 1996, Ms. Carpenter filed an answer denying the allegations and setting forth defenses. A magistrate conducted a hearing on the matter on May 14, 1997. The evidence presented at the hearing established the following.
In 1994, Ms. Carpenter retained Richard Hurchanik to serve as her attorney in a post-decree divorce matter. In preparation for Ms. Carpenter's case, Mr. Hurchanik contacted Patricia Ingram, a court reporter, and arranged for her to appear at a deposition of Otto Swanner. On June 16, 1994, Mr. Hurchanik, Ms. Carpenter, Ms. Ingram, and others appeared for the deposition as scheduled. The deposition did not go forward, however, because Otto Swanner refused to testify. Mr. Hurchanik, Ms. Carpenter, and Ms. Ingram then left the deposition location together. They walked to the parking lot, where Mr. Hurchanik and Ms. Carpenter got into an automobile together. Ms. Ingram remained standing outside of the vehicle.
Ms. Carpenter, apparently upset because of the failed deposition, then began a conversation with Ms. Ingram. While talking to Ms. Ingram, Ms. Carpenter named six individuals that she wished to have deposed. She also instructed Ms. Ingram to subpoena these individuals. She further told Ms. Ingram how to accomplish service of the subpoenas. Ms. Carpenter testified that during this conversation, she stated to Ms. Ingram, "You will be paid." Both Mr. Hurchanik and Ms. Ingram testified that Ms. Carpenter said to Ms. Ingram, "I will pay you."
Following this conversation, Mr. Hurchanik's secretary contacted Ms. Ingram to arrange dates for the proposed depositions and to provide addresses for the deponents. Ms. Ingram then issued subpoenas to the six individuals. The depositions of three of these individuals occurred on July 25, 1994. Mr. Hurchanik and Ms. Ingram both testified that, at the conclusion of the three depositions, Ms. Carpenter again reassured Ms. Ingram that she would be paid.
Following the depositions, Ms. Ingram sent invoices in the amount of $649.50 to Mr. Hurchanik for the three depositions and for the six subpoenas. Mr. Hurchanik paid Ms. Ingram $20.00 from monies that he had received from Ms. Carpenter. Mr. Hurchanik then forwarded the invoices to Ms. Carpenter with a letter indicating that she needed to pay Ms. Ingram the remaining $629.50, but Ms. Ingram was never paid.
On June 25, 1997, the magistrate filed findings of fact and conclusions of law, concluding that, based upon the words and actions of the parties, an oral contract had been formed between Ms. Carpenter and Ms. Ingram. The magistrate further concluded that even if an oral contract had not been formed, Ms. Carpenter's promise of payment to Ms. Ingram was enforceable under the doctrine of promissory estoppel. Accordingly, the magistrate "enter[ed] judgment" to Ms. Ingram in the amount of $629.50 plus interest. On September 3, 1997, the Hamilton Municipal Court adopted the magistrate's decision over Ms. Carpenter's objections.
Ms. Carpenter advances one assignment of error on appeal.
THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT IN ENTERING JUDGMENT FOR APPELLEE AGAINST APPELLANT.
Ms. Carpenter argues that the trial court's decision was against the manifest weight of the evidence because there was no evidence of an express agreement that she would be liable for Ms. Ingram's fees. In support of her argument, Ms. Carpenter relies upon the general rule that, in the absence of an express agreement to the contrary, an attorney will be liable for stenographic services ordered by the attorney on behalf of a client. For the general rule to apply, however, the stenographic services must have been ordered by an attorney. Gaines Reporting Serv. v. Mack
(1982), 4 Ohio App.3d 234, 235.
In this case, the trial court concluded that it was Ms. Carpenter, rather than Mr. Hurchanik, who had ordered the subpoenas and depositions. Thus, unless this finding was against the manifest weight of the evidence, the trial court could have reasonably concluded that the general rule did not apply.
It is well-settled in Ohio that the findings of a trial court are presumed to be correct because "the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony." Seasons Coal Co. v.Cleveland (1984), 10 Ohio St.3d 77, 80. Thus, when there is competent, credible evidence to support a trial court's findings of fact, this court will not disturb those findings.
The trial court's finding that Ms. Carpenter ordered the subpoenas and depositions was not against the manifest weight of the evidence. The record demonstrates that, while she was sitting in the car, Ms. Carpenter talked directly to Ms. Ingram and named six individuals that she wanted to be deposed. The record also shows that Ms. Carpenter instructed Ms. Ingram to subpoena the six individuals. Further, there is evidence that Ms. Carpenter even indicated to Ms. Ingram how service could be accomplished. Thus, Ms. Carpenter's argument that the decision was against the weight of the evidence is not well-taken.
Ms. Carpenter also argues that it was Mr. Hurchanik, rather than herself, who ordered the subpoenas and depositions because, although she named the individuals she wished to be deposed, it was Mr. Hurchanik's secretary who arranged the dates of the depositions and gave Ms. Ingram the necessary information to arrange the subpoenas. Ms. Carpenter also points to the fact that Ms. Ingram did not send the invoices to her but rather sent them to Mr. Hurchanik. In support of this argument, Ms. Carpenter states that an attorney should not be excused from paying for stenographic fees simply because he is an agent for his client. She further points out that it is the attorney and not the client who is in charge of litigation.
We agree that it is usually the attorney who determines what steps are to be taken in the client's best interest. GainesReporting Serv., supra, 4 Ohio App.3d at 234 (citing Burt v.Gahan (1966), 351 Mass. 340, 342-343). There was evidence in this case, however, that Mr. Hurchanik was not determining what steps were to be taken in preparation for Ms. Carpenter's case. Ms. Carpenter named the individuals that she wanted deposed and stated that she wanted the individuals to be subpoenaed. In fact, Mr. Hurchanik testified that if he had been in charge of the litigation, the six individuals would not have been subpoenaed. Thus, Ms. Carpenter's argument that Mr. Hurchanik controlled the litigation is not persuasive.
Ms. Carpenter further argues that the trial court's decision is directly in conflict with the prevailing law in the Twelfth District as set forth in Janet's Reporting and Video Serv. v.Rauchman (May 29, 1990), Butler App. No. CA89-10-150, unreported. In that case, the attorney had contacted a court reporting service via telephone to arrange for a court reporter to attend a deposition. Janet's Reporting and Video Serv. v. Rauchman (May 29, 1990), Butler App. No. CA89-10-150, unreported, at * * 1. The court found that, because the attorney had ordered the depositions from the reporting service, the agreement had been reached between the attorney and the court reporting service and thus the attorney was liable for the stenographic fees. Id. at * * 2. In coming to this conclusion, the court stated, "[w]here an attorney orders transcripts of depositions, it is the attorney, not the attorney's client, with whom the reporting service deals." Id.
We believe that the facts of this case are distinguishable from the facts in Janet's Reporting. There is competent, credible evidence in the record to support the trial court's finding that Ms. Carpenter ordered the subpoenas and depositions. The record shows that in this case, unlike the facts of Janet's Reporting, Ms. Ingram was not initially contacted by Mr. Hurchanik to send the six subpoenas and attend the depositions. Instead, it was Ms. Carpenter who ordered Ms. Ingram to send subpoenas to the six individuals. We believe that the evidence supports the conclusion that the contact that Mr. Hurchanik's office had with Ms. Ingram was made simply to carry out Ms. Carpenter's orders rather than to initiate them. Thus, our disposition of this case does not conflict with Janet's Reporting.
Finally, Ms. Carpenter argues that the trial court's conclusion that she had created an oral contract with Ms. Ingram was against the manifest weight of the evidence. After concluding that the general rule of attorney liability for stenographic fees was inapplicable to this case, the trial court concluded that a unilateral contract existed between Ms. Carpenter and Ms. Ingram.
A unilateral contract is created when there is an "offer * * * for a promise to pay for services in return for the performance of an act." Management Recruiters of Marysville, Inc. v. Brown GroupRecreational Prod., Inc., (1986), 34 Ohio App.3d 72, 75 (citation omitted). Both Mr. Hurchanik and Ms. Ingram testified that after Ms. Carpenter requested that Ms. Ingram subpoena the six individuals and attend the depositions, she told Ms. Ingram "I will pay you." Thus, there was competent, credible evidence to support the trial court's conclusion that Ms. Carpenter did make an offer of a promise to pay for services and that Ms. Ingram accepted the offer by sending the six subpoenas and attending the three depositions that took place. Thus, the trial court did not err in concluding than an oral contract had been formed.
Ms. Carpenter's sole assignment of error is overruled.
The judgment of the trial court will be affirmed.
 . . . . . . . . . .
BROGAN, J., and YOUNG, J., concur.
(Hon. James A. Brogan, Hon. William H. Wolff, Jr., and Hon. Frederick N. Young, Second Appellate District, Sitting by Assignment of the Chief Justice of the Supreme Court of Ohio).