Argued and submitted March 21, reversed September 26, reconsideration denied November 16, 1984, petition for review denied January 15, 1985 (298 Or 553)

## FREE,
*Respondent,*

*v.*

## WILMAR J. HELRIC CO. et al,
*Defendants,*

## COLQUHOUN et al,
*Appellants.*

## (82C-231391; CA A29860)

688 P2d 117

James D. Hughes, Portland, argued the cause for appellants. With him on the briefs was Smith, Emerick & Colquhoun, Portland.

Judy Dean Shipler, Portland, argued the cause and filed the brief for respondent.

Before Joseph, Chief Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

This is an action by a geologist for services rendered in aiding in the restaking of certain mining claims for Wilmar J. Helric Co. Plaintiff contends that he was hired by defendants Smith, Emerick, Milner & Colquhoun, a law firm representing Helric, was told to send his bill to the firm and believed that the law firm would pay him. The firm contends that it never agreed to be personally liable, that plaintiff was told the services were to be rendered for Helric and that plaintiff's bill would be sent on to Helric for payment.

Plaintiff's action against the law firm is based on theories of breach of contract, account stated and *quantum meruit*. After plaintiff presented his evidence, the trial court struck plaintiff's *quantum meruit* claim but denied the law firm's motions to strike the other two claims for failure to state a claim. The trial court also denied the law firm's motion for a directed verdict and its objection to a certain jury instruction. The jury returned a verdict for plaintiff and the law firm appeals. We reverse, because we conclude that the law firm was acting as an agent for a disclosed principal and that the trial court erred in denying the firm's motion for a directed verdict.

The law firm represented Helric in a dispute over mining claims. The settlement negotiated in that case permitted Helric to restake the disputed claims. The law firm offered to assist Helric in locating someone to restake the claims.

Around September 15, 1981, plaintiff was contacted by defendant Milner, a partner in the law firm, to restake the claim. Plaintiff was told that Milner represented Helric. Plaintiff informed Milner of his daily and hourly rates, and Milner agreed to them. What was said next is disputed. Plaintiff testified that Milner said "send me the bill." Milner admits saying that but he testified that he also told plaintiff, as was his custom, that the bill would be forwarded to the client for payment.

Plaintiff and the law firm exchanged several letters after that time. On September 30, before plaintiff began work, the law firm sent plaintiff the locations of the mining claims. The locations and the accompanying letter showed that Helric was the owner of the claims. Plaintiff sent his bill to the law

firm on October 23. The bill stated, "Re: Restaking claim corners and reflagging claim lines; Wilmar J. Helric." On November 13, the law firm replied that the bill had been forwarded to "our mutual client, Wilmar J. Helric Co." Two weeks later, plaintiff wrote the law firm to tell them that he considered the law firm his client, rather than Helric. The law firm denied liability, and this action followed.[1]

■ In reviewing the denial of the motion for a directed verdict, we examine the facts to determine whether there was sufficient evidence from which the jury could reach a verdict against the law firm. *Parries v. Labato,* 40 Or App 851, 859, 597 P2d 356, *rev den* 287 Or 507 (1979).

■■ We turn first to the breach of contract claim. The attorney-client relationship is governed by the law of agency. *Johnson v. Tesky,* 57 Or App 133, 137, 643 P2d 1344 (1982); *Mahoney v. Linder,* 14 Or App 656, 661, 514 P2d 901 (1973).

> "Unless otherwise agreed, a person making or purporting to make a contract with another as an agent for a disclosed principal does not become a party to the contract." *Wiggins v. Barrett & Associates,* 295 Or 679, 698, 669 P2d 1132 (1983).

So long as an agent acts within the scope of his authority, discloses his representative capacity to the third party and makes the contract in his principal's name, the agent is not personally liable thereon. *Wiggins v. Barrett & Associates, supra.*

■ There is no question but that Helric was a disclosed principal. A principal is disclosed if, at the time of the transaction conducted by the agent, the other party has notice that the agent is acting for the principal and of the principal's identity. Restatement (Second) Agency, § 4 (1957). Plaintiff admits that, at the time of his initial conversation with Milner, he knew that Milner represented Helric. All the correspondence between the parties referred to Helric by name.

---

[1] After the law firm denied liability, plaintiff contacted Helric and received a promissory note from defendants Cook and Dexter, who had recently purchased Helric. The note was not honored. Helric, Cook and Dexter were defendants in this action. Cook and Helric were never served. A default judgment was entered against Dexter. The action proceeded solely against the law firm, which is the only appealing party.

■ ■     Plaintiff apparently contends that the law firm assumed personal liability by telling plaintiff to send it the bill. That, however, does not amount to an agreement to be personally liable and there was no express agreement to that effect. Therefore, given plaintiff's understanding that the law firm was acting for a principal whose identity was disclosed, under the authorities cited above[2] the law firm could not be personally liable, and the trial court should have directed a verdict for the law firm.[3]

■ ■     Plaintiff contends that, if he is not entitled to prevail on the breach of contract theory, he should recover on an account stated basis. An account stated is an agreement between persons who have had previous transactions of a monetary character fixing the amount due and promising payment. *Sunshine Dairy v. Jolly Joan,* 234 Or 84, 380 P2d 637 (1963). The agreement may be express or implied. An account stated may be created by failure to object to a billing within a reasonable time. *Tri-County Ins. v. Marsh,* 45 Or App 219, 608 P2d 190 (1980). However, an account stated cannot be the origin of a debt; a previous debtor-creditor relationship must exist between those who state an account. *Edwards v. Hoevet,* 185 Or 284, 295, 200 P2d 955 (1948).

■     Because the law firm was an agent for a disclosed principal, it was not personally liable on the contract and had no duty to object to the bill. No account stated could be

---

[2] Plaintiff cites cases from other jurisdictions that hold the attorney personally liable on contracts made on behalf of the client on the theory that the attorney is in fact the principal in the attorney-client relationship. *See Burt v. Gahan,* 351 Mass 340, 220 NE2d 817 (1966); *Roberts, Walsh & Company v. Trugman,* 109 NJ Super 594, 264 A2d 237 (1970); *Theuerkauf v. Sutton,* 102 Wis2d 176, 306 NW2d 651 (1981). That theory has not been adopted in this state, and we find the reasoning of those cases unpersuasive.

[3] Restatement (Second) Agency, § 320 *comment b* (1957), cited in *Wiggins v. Barrett & Associates, supra,* provides:

"One bringing an action upon a contract has the burden of showing that the other is a party to it. This initial burden is satisfied if the plaintiff proves that the defendant has made a promise, the form of which does not indicate that it was given as agent. The defendant then has the burden of going forward if he wishes to show that his promise was made only as an agent and that this should have been so understood. Unless barred by the parol evidence rule or some similar rule existing in the case of integrated documents (see §§ 323-325), an agent sued by the other party to a contract satisfies the burden of going forward by showing that it was known to the other that he was acting as agent for a disclosed principal and, unless further facts are shown, a judgment for the agent should be directed."

created, because no debtor-creditor relationship existed between the law firm and plaintiff.

Reversed.[4]

---

[4] We do not reach the question whether the trial court erred in denying the law firm's motion to strike or erred in overruling the firm's objection to a certain jury instruction.