Argued and submitted July 22, 1985, affirmed April 16, 1986

WESTERN ENGINEERS, INC.,
*Respondent,*

*v.*

BULLIER & BULLIER, INC.,
*Appellant.*

(A8207-04493; CA A33276)

717 P2d 644

Mary Ellen Page Farr, Portland, argued the cause for appellant. With her on the briefs was Kell, Alterman & Runstein, Portland.

Susan Watts, Portland, argued the cause for respondent. With her on the brief was Kennedy, King & Zimmer, Portland.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

WARDEN, J.

## WARDEN, J.

Defendant appeals from a judgment based on a jury verdict, finding it liable in the amount of $7,176.42 for materials and services provided by plaintiff.[1] Defendant assigns error to the trial court's denial of its motion for directed verdict on the basis of its affirmative defense that it was the agent of a disclosed principal and to the court's placing on defendant the burden of proving that it had disclosed that it was acting as an agent and had identified its principal. Most of defendant's other assignments require no discussion. We affirm.

When examining the propriety of a defendant's motion for directed verdict, we resolve evidentiary conflicts in a light most favorable to the plaintiff. *James v. Carnation Co.,* 278 Or 65, 67, 562 P2d 1192 (1977). On May 29, 1981, a representative of defendant called plaintiff, requesting repair work on the 300 Southwest Sixth Avenue Building in Portland, Oregon. There was a meeting that day and, from the evidence produced at trial about that meeting, the jury could conclude that plaintiff did not know, nor did defendant inform it, that TN Development (TN) owned the building or that defendant was purporting to act as TN's agent. A salesman for plaintiff wrote to the head of defendant's property management division on June 1, 1981, confirming the May 29 meeting and estimating the charge for the initial work. By telephone, the salesman requested a purchase order or signature to verify the agreement. He received back his June 1 letter on June 10 with the following writing at the bottom:

"6/8/81

300 SW 6th Ave Bldg.
Bullier & Bullier, Agents.
/s/ Rodney Williams"[2]

Sometime in the fall of 1981, TN instructed defendant not to pay plaintiff for the services in question, and defendant denied personal liability for them. It is undisputed that plaintiff knew that defendant was TN's agent by November, 1981.

---

[1] The judgment complied with ORCP 67B.

[2] Williams was a property manager and operational manager for defendant at all relevant times.

■ ■　　An agent must disclose its agency status and the identity of its principal at the time of contracting or it may be held personally liable on the contract. *Willam. T. & B. Co. v. Com. Dis. Corp.,* 180 Or 657, 662, 178 P2d 698 (1947). When reviewing a denial of a motion for directed verdict, we inquire whether there was sufficient evidence from which a jury could reach a verdict against the moving party. *James v. Carnation Co., supra,* 278 Or at 69-70; *Free v. Wilmar J. Helric Co.,* 70 Or App 40, 43, 688 P2d 117 (1984), *rev den* 298 Or 553 (1985). The record contains evidence sufficient to support a finding that plaintiff performed services at defendant's request and that defendant did not disclose the identity of its principal.

■　　Defendant argues that, as a matter of law, its notation, added to plaintiff's June 1 letter, was adequate disclosure of its agency status and of the principal's identity. We disagree. TN is not mentioned in the notation. Defendant argues that the building itself can be a principal. It claims in its brief, "The building's funds did, in fact, pay the debt of the building *until TN directed otherwise."* (Emphasis supplied.) However, that very statement illustrates that the party pulling the strings is TN; it is the principal. The building is not a legal person and cannot be a party to a contract.[3]

■　　Defendant cites ORS 93.710(1)[4] and argues that plaintiff had notice of TN's identity, because TN was the record owner of the 300 SW Sixth Avenue Building. That recording statute does not abrogate the duty of an agent to disclose its principal, if it wants to be free from liability, and

---

[3] Assuming that the notation was sufficient to disclose that defendant was acting as an agent, it is not released from liability, because the identity of its principal was not disclosed. *Free v. Wilmar J. Helric Co., supra,* 70 Or App at 41.

[4] ORS 93.710(1) provides:

　　Any instrument creating a license, easement, profit a prendre, or a leasehold interest or oil, gas or other mineral interest or estate in real property or an interest in real property created by a land sale contract, or memorandum of such instrument or contract, which is executed by the person from whom the interest is intended to pass, and acknowledged or proved in the manner provided for the acknowledgment or proof of other conveyances, may be indexed and recorded in the records of deeds of real property in the county where such real property is located. Such recordation, whether the instrument be recorded prior to or subsequent to May 29, 1963, constitutes notice to third persons of the right of the parties under the instrument irrespective of whether the party granted such interest or estate is in possession of the real property. Any such instrument when so acknowledged or proved, or certified in the manner prescribed by law by any of the authorized officers, may be read in evidence without further proof thereof."

the legislature cannot have intended to require every person who renders a service to real property to research the real property records to determine the record owner's identity. Even determining the identity of the record owner would not necessarily tell the provider of services who was the principal. For example, a lessee may be the principal in the case of repairs to real property, and lease agreements are not always recorded. Finally, it is not plaintiff's duty to seek out the identity of the principal. It is the agent's duty to disclose its capacity. *Willam. T. & B. Co. v. Com. Dis. Corp., supra,* 180 Or at 663. The trial court properly denied defendant's motions for directed verdict.

■      Defendant next contends that the trial court erred in placing on it the burden of proving that it disclosed its agency status and the identity of its principal. The general rule is found in Restatement (Second) Agency, §§ 320, *comment b* (1957), *quoted in Free v. Wilmar J. Helric Co., supra,* 70 Or App at 44 n 3:

> "One bringing an action upon a contract has the burden of showing that the other is a party to it. This initial burden is satisfied if the plaintiff proves that the defendant has made a promise, the form of which does not indicate that it was given as agent. The defendant then has the burden of going forward if he wishes to show that his promise was made only as an agent and that this should have been so understood. * * *"

Plaintiff presented sufficient evidence to satisfy its burden of proving a promise that did not indicate agency status. The burden was then properly placed on defendant to prove that it had disclosed its agency status. *See B & D Investment v. Petticord,* 48 Or App 345, 352, 617 P2d 276, *rev den* 290 Or 302 (1980).

Our holding on this assignment necessarily determines defendant's assignment claiming error in the jury instruction regarding the burden of proof. We find no merit in defendant's remaining assignments.

Affirmed.