---

## NEELY v. STATE.

Opinion delivered December 15, 1894.

*Liquor—Sale to minor as agent of undisclosed principal.*

A sale of liquor to a minor who professes to buy as agent of an undisclosed principal is a sale to the minor, under Sand. & H. Dig. sec. 1812, providing that any person who shall sell liquor to a minor without the written consent or order of the parent or guardian shall be deemed guilty of a misdemeanor.

Appeal from White Circuit Court.

GRANT GREEN, JR., Judge.

The appellant, *pro se.*

1.   There was no sale to the minor.  He was simply the *errand boy* for the adult persons, their agent.   54 Ark. 544;  120 Mass. 385;  6 So. 241;  63 Miss. 228;  2 Gray, 508;  58 Ala. 358.

2.   The remarks of the prosecuting attorney were highly prejudicial, for which the judgment should be reversed.   54 Ark. 473.

*James P. Clarke*, Attorney General, and *Chas. T. Coleman* for appellee.

1.   The court properly charged the jury that if the minor did not disclose the name of his principal, it would be a sale to the minor.   52 Ark. 56;  Story on Ag. sec. 267;  Mechem on Agency, sec. 554;  5 Cush. 210;  28 Vt. 234;  4 Gray, 156.

2.   The improper remarks of the prosecuting attorney were cured by the court.

WOOD, J.   The defendant was convicted of selling liquor to a minor, under sec. 1812, Sand. & H. Dig.   The proof on behalf of the State showed that a minor purchased of the defendant one bottle of whisky without the written consent of his parents, but informed defendant at the time that he wanted the whisky for two sick teachers of Galloway College, who had furnished him the money, and sent him for the whisky; that the whisky was delivered to them, and he did not drink any himself.   The names of the teachers he did not want to disclose, and thinks he did not tell defendant their names.   The defendant for himself testified that he did not sell the liquor, but sent it to the teachers whose names the minor gave him, and as they were his friends and sick, he did not charge them for the whisky.

The substance of the court's instructions was that if the minor purchased the whisky for two teachers, as their agent, without disclosing their names to the de-

fendant at the time of the purchase, the defendant would be guilty. But if the defendant gave the whisky to the minor for the adults, although their names were not disclosed, or if he did not sell the whisky, he would not be guilty, under this indictment. The defendant asked the court to charge the jury, in substance, that if the minor bought the liquor for the two teachers, and told the defendant he was purchasing for them, the defendant would not be guilty, although the names of the teachers were not disclosed.

The question is, was it a sale to the minor, who disclosed the fact of agency, but did not give the name of his principal?

This court is committed to the doctrine that a minor may be the agent of a purchaser or donee of liquor. *Wallace* v. *State*, 54 Ark. 542; *Siceluff* v. *State*, 52 *id.* 56. In the latter case it is said: .''As between a seller and an agent who deals with him without disclosing the fact that he acts as agent, the latter as well as the principal is the purchaser.'' It is also a well recognized principle that ''though the agent discloses the fact that he is agent, but conceals the name of his principal, he may be held personally liable as principal.'' Mechem on Agency, sec. 554. Chancellor Kent says: '' It is a general rule, standing on strong foundations, and pervading every system of jurisprudence, that where an agent is duly constituted, and names his principal, and contracts in his name, and does not exceed his authority, the principal is responsible, and not the agent. If he contracts in behalf of his principal, and discloses *his name at the time*, he is not personally liable. But if a person would excuse himself from responsibility on the ground of agency, he must show that he disclosed his principal at the time of making the contract, and that he acted on his behalf.'' 2 Kent, 630–31. And in Judge Story's work on Agency it is said: '' If the agent

should, at the time of the purchase of the goods, acknowledge that he is purchasing for another person, but should not then name him ; in such case he would be held personally liable, although the principal, when discovered, might also be liable for the debt." Story on Agency, sec. 267. The doctrine of these text-writers is approved and well supported by others, and by many adjudicated cases. Wharton, Agency, sec. 500 ; *Owen* v. *Gooch*, 2 Esp. 567 ; *Thomson* v. *Davenport*, 9 B. & C. 78 ; *Taintor* v. *Prendergast*, 3 Hill (N. Y.), 72 ; *Welch* v. *Goodwin*, 123 Mass. 71 ; Smith, Merc. Law, sec. 201 ; *Stackpole* v. *Arnold*, 11 Mass. 27 ; Dunlap's Paley's Agency, 369, *et seq.*

The rule is for the protection of the party dealing with the agent; as Judge Kent says, "to enable him to have recourse to the principal in case the agent had authority to bind him." 2 Kent, p. 631. But it may be said that in this case the principal was sufficiently designated. Not so. The language of the minor, whom the jury believed, was : "I told the defendant I had two sick teachers, and I wanted some whisky for them. I don't think I told the defendant the names of the teachers." This is not naming the principal, in the sense the law requires. Had it been shown that there were only two teachers in Galloway College who were known to defendant, the case might have been different. In a suit against the agent, in such a case, upon a valid contract, the burden would be upon him to show that there were only two teachers. If there were more than two, it would be impossible, without a disclosure of their names, to tell which two of the teachers was intended at the time as principal, and which two the seller was contracting with. An agent could not exonerate himself under such circumstances from liability, although the real principal, when discovered, might also be bound.

Story on Agency, sec. 267 ; Smith's Mer. Law, sec. 201 ; *Winsor* v. *Griggs*, 5 Cush. 210 ; *Cabot Bank* v. *Morton*, 4 Gray, 160.

In *Cobb* v. *Knapp*, 71 N. Y. 348, it is held that "it is not sufficient that the seller may have the means of ascertaining the principal of the agent. He must have actual knowledge." 1 Parsons, Cont. 64, note ; *Raymond* v. *Crown & Eagle Mills*, 2 Met. (Mass.) 319.

Where the name of the principal is not disclosed, the presumption is the agent intended to be liable. And where the seller does not ask the name of the principal, when unknown, the presumption is he only intended to bind the agent.

The case under consideration was a cash transaction. But it was necessary to discuss it from the standpoint of a credit transaction, in order to determine the true test of agency.

In the light of the above familiar principles, no error is found in the charge of the court, and its judgment is therefore affirmed.