ALAN E. WEHRHEIM, APPELLANT, v. THE STATE OF NEVADA, RESPONDENT.

No. 5472

July 19, 1968                                        443 P.2d 607

*Raymond E. Sutton,* of Las Vegas for Appellant.

*Harvey Dickerson,* Attorney General, *George E. Franklin, Jr.,* District Attorney, and *Alan R. Johns,* Deputy District Attorney, Clark County, for Respondent.

## OPINION

By the Court, MOWBRAY, J.:

Appellant was arrested and charged with possession of narcotics. During the trial his counsel stipulated to the fact that the arresting officers had probable cause when they made their arrest. His chosen theory of defense was to cast doubts upon the chain of the evidence and to raise a reasonable doubt as to the defendant's knowledge that the substance was narcotic in nature. Defendant was found guilty and sentenced to the state prison.

Present counsel was appointed to take an appeal from the guilty verdict. Notice of appeal was filed. Thereafter, counsel filed a petition with this court to be relieved on the ground that he had read and considered the entire record before the trial court and concluded that the appeal was frivolous and without merit. The motion was granted, and the appeal was dismissed.

While the previously mentioned appeal was still before this court, the instant petition for a writ of habeas corpus was filed

by the petitioner in proper person in the district court. This was done in an attempt to obtain an evidentiary hearing for petitioner on the issue of the existence of the probable cause for his initial arrest. The district court denied the writ, saying that it was premature, since there was an appeal pending in this court. This appeal from the denial of the writ followed.

1.   Appellant states that his petition for a writ of habeas corpus was filed pursuant to NRS 34.500(7). That statute provides:

"If it appears on the return of the writ of habeas corpus that the prisoner is in custody by virtue of process from any court of this state, or judge or officer thereof, such prisoner may be discharged, in any one of the following cases:

\* \* \* \* \* \*

"7.   Where a party has been committed or indicted on a criminal charge without reasonable or probable cause."

In Scott v. State, 83 Nev. 468, 434 P.2d 435 (1967), this court stated:

"The appellant contends there was no probable cause for his arrest or his indictment. \* \* \* since 1912 it has been recognized that the proper procedure for challenging probable cause for the indictment is by writ of habeas corpus. \* \* \* Failing to make such challenge prior to trial, a post-conviction appeal comes too late. Skinner v. State, 83 Nev. 380, 432 P.2d 675 (1967), and cases cited therein."

Thus, it is clear that a petition for a writ of habeas corpus to test probable cause for an arrest must be filed and finally determined prior to trial and conviction. This assignment of error fails, for the petition in the present case, filed after the conviction, was not timely.

2.   If the habeas petition is considered a post-conviction remedy, pursuant to NRS 177.315 et seq., the court properly found that it was premature. The lower court made its adverse ruling on August 1, 1967. At that time appellant's previously mentioned appeal was still before this court. It was not dismissed until August 11, 1967. NRS 177.315 expressly provides that such post-conviction procedure "is not a substitute for \* \* \* any remedy of direct review of the sentence or conviction."

3.   The substance of appellant's position is that he was prejudiced by his trial counsel's failure to raise a defense based

upon lack of probable cause for his arrest. We need not consider whether, upon the record presented, such a defense could have succeeded.

No allegation is made of facts which would show incompetency of appellant's trial counsel under the test established by Hall v. Warden, 83 Nev. 446, 434 P.2d 425 (1967). It is inherent in our form of government that every right carries with it a correlative responsibility. Under section 8 of article 1 of the Nevada Constitution, an accused may "defend in person, and with counsel, as in civil actions." A party is bound by the acts of his attorney in the management of his case. Gottwals v. Rencher, 60 Nev. 35, 92 P.2d 1000 (1939).

Moreover, a criminal prosecution must end somewhere. We therefore hold that, where competent defense counsel has stipulated to a fact, defendant may not after conviction relitigate his case upon a theory which denies that fact. The denial of the writ of habeas corpus is affirmed.

THOMPSON, C. J., COLLINS, ZENOFF, and BATJER, JJ., concur.