## MOLEZZO REPORTERS, Appellant, v. SEYMOUR H. PATT, Respondent.

No. 9310

August 9, 1978        579 P.2d 1243

*Keith L. Lee,* of Reno, for Appellant.

*David Dean,* of Reno, for Respondent.

## OPINION

By the Court, THOMPSON, J.:

This action was commenced to recover a stipulated sum of money allegedly due Molezzo Reporters for reporting services rendered by them to Attorney Patt at his request.[1] Patt did not expressly disclaim responsibility for their charges until later, when he declined personally to pay their bills. Neither did he advise the reporters that he personally would be responsible for their charges when their services were engaged.

The district court found Patt not liable in these circumstances. Its decision was premised upon the ordinary rule that an agent is not personally liable on a contract made for his principal where the party with whom he is contracting knows that he is acting for another. Moreover, the district court believed that to impose liability upon the attorney would sanction champerty in violation of Supreme Court Rule 183 which provides that ". . . A lawyer may not properly agree with a client that the lawyer shall pay or bear the costs of litigation; he may temporarily and in good faith advance expenses as a matter of convenience, but subject to reimbursement."

The reporters have appealed contending that an attorney who orders their services, and who does not at that time disclaim liability therefor, should be required to pay.

1.  Case authority elsewhere is divided. There is solid support for the view of the district court that the attorney, as agent, is not personally liable on contracts made for his disclosed principal and client in the absence of his express agreement to be bound. McCorkle v. Weinstein, 365 N.E.2d 953 (Ill.App. 1977), is a recent expression of that reasoning. There also is strong support for the rule that an attorney ordering

---

[1] In one instance the reporting was ordered by the court without specifying responsibility for payment.

services in connection with litigation is to be treated as a principal and liable to pay for such services in the absence of his express disclaimer of such liability. Burt v. Gahan, 220 N.E.2d 817 (Mass. 1966). Cases supporting each point of view are collected in the Annot., 15 A.L.R.3d 531 (1967) entitled "Attorney's Personal Liability for Expenses Incurred in Relation to Services for Client."

We prefer the Burt v. Gahan, supra, rule. As noted by the Massachusetts Supreme Court, the attorney-client relationship involves much more than mere agency, and is subject to established professional standards. The attorney, and not his client, is in charge of litigation, Gottwals v. Rencher, 60 Nev. 35, 92 P.2d 1000 (1939); Wehrheim v. State, 84 Nev. 477, 443 P.2d 607 (1968), and possesses the authority to bind his client "in procedural matters in any of the steps of an action or proceeding." SCR 45.

The attorney decides whether the services of a certified reporter are needed for depositions or for court transcription of testimony. Because of his control of the litigation process, he should be treated as a principal, severally and jointly liable with his client for reporting services rendered. As noted in Burt v. Gahan, supra, there is no hardship in this rule, as it is a simple matter for the attorney to exclude himself from liability by a timely statement to that effect.[2]

[Headnote 3]

2. SCR 183 reads in part: "A lawyer may not properly agree with a client that the lawyer shall pay or bear the expenses of litigation; he may temporarily and in good faith advance expenses as a matter of convenience, but subject to reimbursement."

The rule specifically allows the attorney to advance expenses. The only restriction is that the client remain 'liable to the attorney for reimbursement. Such reimbursement is to be accommodated within the attorney-client relationship, and does not touch the right of the reporter to collect for his services from the attorney who ordered them without disclaiming liability therefor.

Accordingly, we reverse the judgment entered below and direct the district court to enter judgment in compliance with this opinion.

BATJER, C. J., and MOWBRAY, GUNDERSON, and MANOUKIAN, JJ., concur.

[2]We find no cases regarding the attorney's liability for reporting costs ordered by the court without court specification for payment. In such circumstance, it would appear fair for all counsel and their clients to be jointly and severally liable to the reporter.