GAINES REPORTING SERVICE, APPELLEE,
*v.* MACK, APPELLANT.

(No. L-81-351—Decided April 30, 1982.)

*Mr. Stewart Aron* and *Mr. Robert Katz,* for appellee.

*Mr. Stephen Mack, pro se.*

DOUGLAS, J. This case comes before this court on appeal from the judgment of the Toledo Municipal Court.

Appellee, Gaines Reporting Service, instituted this action against appellant, attorney Stephen Mack, to recover fees in the amount of $93.15 for preparing a transcript of a deposition taken, at appellant's order, on behalf of a client of appellant.

The trial court determined that appellant, having ordered appellee's services, was responsible for appellee's bill and entered judgment in favor of appellee in the amount of $93.15, plus interest and costs.

From that judgment, appellant appeals, presenting the following assignments of error:

"1. The lower court erred in holding that an attorney representing a client and litigant in a law suit, who orders stenographic services on behalf of and for the benefit of his disclosed principal, is personally responsible for the payment of said services.

"2. The judgment of the lower court is manifestly against the weight of the evidence and is contrary to law."

We shall consider appellant's assignments of error together since the same issue is presented therein.

Appellant contends that the trial court erred in rendering judgment against him for the reason that, under the law of agency, appellant should not have been held liable for services obtained within the scope of his authority as an agent of a disclosed principal.

The Supreme Judicial Court of Massachusetts considered this issue in *Burt* v. *Gahan* (Mass. 1966), 351 Mass. 340, 220 N.E. 2d 817, reasoning, at 342-343, as follows:

"* * * While in a broad sense counsel may be an agent and his client a principal, there is much more involved than mere agency. The relationship of attorney and client is paramount, and is subject to established professional standards. In short, the attorney, and not his client, is in charge of litigation, and is so recognized by the court. As was said in *Judd & Detweiler, Inc.* v. *Gittings,* 43 App. D.C. 304, 310-311, which concerned the printing of briefs on appeal: 'The attorney usually determines what steps are to be taken in his client's interest, and the acts of the attorney in the conduct of litigation are binding upon the client. We therefore deem the just and equitable rule of law thus established to be that, in the absence of express notice to the contrary, court officials and persons connected, either directly or indirectly, with the progress of the litigation, may safely regard themselves as dealing with the attorney, instead of with the client. This applies not only to obligations incurred by the attorney for actual costs attending the litigation, but to the necessary expenses of attorneys, including the printing of briefs, which are not chargeable as costs in the case.' "

Upon consideration of the foregoing and finding the reasoning therein to be persuasive, we hold that, in the absence of

an express agreement to the contrary, an attorney will be liable for stenographic services ordered by the attorney on behalf of a client. We, therefore, find appellant's assignments of error not well taken.

On consideration whereof, the court finds substantial justice has been done the party complaining, and judgment of the Toledo Municipal Court is affirmed.

This cause is remanded to said court for execution of judgment and assessment of costs. Costs to appellant.

*Judgment affirmed.*

CONNORS, P.J., and BARBER, J., concur.