BLAKE, APPELLANT, *v.* INGRAHAM, APPELLEE.

(No. 1747—Decided March 15, 1989.)

*Kathleen M. Blake, pro se.*
*Roger R. Ingraham, pro se.*

BAIRD, J. This cause came on before the court upon the trial court's order granting judgment for the defendant, Roger R. Ingraham. We reverse.

Kathleen M. Blake, appellant, is a court reporter for the Medina County Court of Common Pleas. On April 7, 1987, Blake recorded the proceedings in the case of *Direct Mail Specialists* v. *Sleepy Hollow Lake,* a Medina County case, in which Ingraham represented the defendant. Following the trial court's decision in that case, Ingraham filed an appeal to the Ninth District Court of Appeals. Ingraham filed a praecipe to the court reporter which was sent to Blake. Blake called Ingraham to determine the number of copies required, and Ingraham's secretary informed her that Ingraham wanted the original for the court and one copy for his own personal use. Blake testified that, while she requires out-of-town attorneys to place a deposit before she begins a transcript, she does not require local attorneys to do so, instead working on a good-faith basis.

On July 13, 1987, Blake filed the original transcript of proceedings with the court of appeals, and delivered a copy of the transcript to Ingraham's office, along with a statement in the amount of $337.55; $274.75 for the original transcript, and $62.80 for Ingraham's copy.

Blake billed Ingraham for the transcription by continuing to send billing statements, ten in all. Ingraham refused to pay.

At a trial in Medina Municipal Court, the court returned a verdict against Ingraham as to the cost of his personal copy of the transcript, but ruled against Blake as to the remaining cost for the original transcript. Blake appeals.

Assignments of Error

"I. The trial court erred in finding that a praecipe to the court reporter filed by the attorney of record for the appealing party to a case does not constitute a request for a transcript of proceedings on the part of the attorney.

"II. The trial court erred in not concluding that in the absence of an express agreement to the contrary, an attorney will be liable for stenographic services ordered by the attorney on behalf of a client.

"III. The trial court erred in concluding that the transcript is for the benefit of the person who requested it primarily.

"IV. The trial court erred in ordering the defendant to only pay for a copy of the transcript and not the original, when, in all practicality, a

copy cannot, and would not, be produced without an original."

As these assignments of error are related, we will discuss them together.

Blake argues that as the attorney for the appellant, Ingraham has the duty to order a transcript and file it with the court of appeals in order to properly prosecute his appeal. She contends that by sending her a praecipe instructing her to prepare the transcript in question, Ingraham obligated himself to pay for the cost of transcribing the trial. We agree.

App. R. 9 states in part:

"(B) The transcript of proceedings; duty of appellant to order; notice to appellee if partial transcript is ordered. At the time of filing the notice of appeal the appellant shall in writing order from the reporter a complete transcript or a transcript of such parts of the proceedings not already on file as he deems necessary for inclusion in the record and shall file a copy of said order with the clerk. The reporter is the person appointed by the court to transcribe the proceedings for the trial court whether by stenographic, phonogramic, or photographic means, or by the use of audio electronic recording devices, or by the use of video recording systems. * * *" (Emphasis added.)

Since it is the appellant's attorney who is responsible for prosecuting an appeal, it is reasonable for the court reporter to infer through the attorney's order of the transcript that the attorney will be responsible for paying her bill. In most instances, as in the case at bar, the court reporter has no contact with the clients involved in an appeal. While an attorney may be considered an agent of his client, there is much more involved than mere agency. It is the attorney, and not the client, who, due to his professional education and experience, is in charge of litigation. *Gaines Reporting Service v. Mack* (1982), 4 Ohio App. 3d 234, 4 OBR 424, 447 N.E. 2d 1317, citing *Burt v. Gahan* (1966), 351 Mass. 340, 220 N.E. 2d 817.

Ingraham did not contest the fact that he signed the praecipe to the court reporter and also ordered a copy of the transcript. The transcript was filed in the case on time and was considered by the appellate court.

We consider it equitable that, in the absence of express notice to the contrary, court officials and persons connected with the progress of the litigation may safely regard themselves as dealing with the attorney. *Gaines Reporting Service v. Mack, supra.*

Accordingly, relying on *Gaines Reporting Service v. Mack, supra,* we find that in the absence of an express agreement to the contrary, an attorney will be liable for stenographic services ordered by the attorney on behalf of a client. We do not find Ingraham's distinction between an official court reporter and a free-lance reporter to be persuasive. We therefore find that the trial court erred in ruling against Blake. Appellant's assignments of error are well-taken. The judgment of the trial court as to the plaintiff is reversed and the case is remanded to the trial court for proceedings consistent with this opinion.

*Judgment reversed
and cause remanded.*

CACIOPPO, P.J., and MAHONEY, J., concur.