R. S. McCULLOUGH *v.* Loretta JOHNSON

91-24                                              816 S.W.2d 886

Supreme Court of Arkansas
Opinion delivered October 21, 1991
[Rehearing denied November 25, 1991.]

*Wright, Lindsey & Jennings*, by: *Wendell L. Griffen*, for appellant.

*Art Allen*, for appellee.

STEELE HAYS, Justice. The appellant, R.S. McCullough, is an attorney at law, licensed by and practicing in the State of Arkansas. The appellee, Loretta Johnson, is a court reporter for the Fifth Division Circuit Court in Pulaski County, Arkansas.

Johnson sued the appellant for the cost of a transcript of the testimony in a criminal trial that McCullough had ordered for use in an appeal. This appeal arises from judgment of the Pulaski County Circuit Court against McCullough individually which awarded Johnson $1,137.70 plus interest for the costs of preparing the transcript.

On appeal, the issue is whether an attorney may be held personally liable for the costs of a transcript of trial proceedings he requested on behalf of his client. The case presents a matter of first impression in Arkansas.

Mr. McCullough represented Hurley M. Jones in a criminal proceeding in the Pulaski County Circuit Court which resulted in Jones' conviction. Ms. Johnson testified that she was aware Mr. McCullough was representing Jones. Following the conviction, McCullough filed a notice of appeal and had a copy of the notice delivered to Johnson. Ms. Johnson testified that she found the copy on her desk and prepared the transcript.

Ms. Johnson did not ask for a deposit on the transcript and testified it was her custom to not require deposits unless she was dealing with an out-of-state attorney or one she did not know. She also requested deposits when she was doubtful of the financial ability of an attorney. Johnson said she looked to, and expected payment from, McCullough and assumed there would not be a problem because he had paid in the past.

After Ms. Johnson completed the transcript she contacted McCullough and asked for the costs of preparing it. She also told him she would take the transcript to the circuit court for completion and certification. Johnson testified that McCullough told her he would bring the payment by. Mr. McCullough did not deliver the payment, though he did obtain the transcript from the circuit clerk's office and filed it in the Arkansas Court of Appeals.

Johnson subsequently sent McCullough a letter demanding payment. She stated that at one point, following the completion of the transcript, McCullough offered to give her $400 from Mr. Jones, but, she refused the partial payment. Ms. Johnson testified that at no time did McCullough expressly promise to assume responsibility for the debt nor did he indicate he would not be responsible for it.

In the meantime McCullough filed a motion on behalf of Jones to proceed *in forma pauperis* on appeal but the record had already been lodged with the appellate court. Consequently, the motion was denied. No payment was ever tendered to Johnson for the transcript either by McCullough or Jones. Johnson then filed the action against McCullough which gave rise to this appeal.

█ The appellant contends that the trial court should have granted summary judgment in his favor based on principles of Arkansas agency law. Arkansas recognizes the general rule that where an agent names his principal and does not exceed his authority when contracting on the principal's behalf, the agent is not personally liable upon the contract unless the agent agrees to be. *Peevy* v. *State*, 9 Ark. App. 347, 659 S.W.2d 957 (1983); *Ferguson* v. *Huddleston*, 208 Ark. 353, 186 S.W.2d 152 (1945); *Ogletree* v. *Smith*, 176 Ark. 597, 3 S.W.2d 683 (1928); *Neely* v. *State*, 60 Ark. 66, 28 S.W. 800 (1894). This court has said, "[t]he rules of agency generally apply to the relationship of attorney and client." *Peterson* v. *Worthen Bank & Trust Co.*, 296 Ark. 201, 753 S.W.2d 278 (1988). However, we have not addressed the question presented by this case.

When the issue has arisen in other jurisdictions as to whether the attorney should be held personally liable for expenses incurred on behalf of a client two lines of reasoning have evolved within the general rules of agency law. Annotation, *Attorney's Personal Liability For Expenses Incurred In Relation To Services For Client*, 66 ALR 4th Fed. 256 (1988); 7 Am. Jur. 2d *Attorneys At Law* § 153 (1980). Some jurisdictions take the position that the attorney is the agent for the client-principal and apply the rule that an agent is not personally liable on contracts made for a disclosed principal in the absence of an express agreement to be bound. *Id.* This places the burden on the service provider to obtain the attorney's personal promise to pay. *Id. See Ingram* v. *Lupo*, 726 S.W.2d 791 (Mo. App. Ct. 1987); *Eppler, Guerin & Turner, Inc.* v. *Kasmir*, 685 S.W.2d 737 (Tex. Civ. App. 1985); *Free* v. *Wilmar J. Helric Co.*, 70 Or. App. 40, 688 P.2d 117 (1984); *Nagle* v. *Duncan*, 570 S.W.2d 116 (Tex. Civ. App. 1978).

Courts in other jurisdictions have considered the agency relationship of the attorney and client a modified one, treating the

attorney as a principal because his education, experience and professionalism render him in charge of the litigation. In those jurisdictions, the attorney ordering goods or services for the client will also be personally liable for those expenses, in the absence of an express disclaimer of such responsibility. *Id.* The effect of this reasoning places the burden on the attorney to expressly disclaim responsibility. *Id. See Blake* v. *Ingraham*, 44 Ohio App.3d 38, 540 N.E.2d 759 (1989); *Copp* v. *Arndt & Associates*, 56 Wash. App. 229, 782 P.2d 1104 (1989); *Burt* v. *Gahan*, 220 N.E.2d 817 (Mass. 1966); and, *Monick* v. *Melnicoff*, 144 A.2d 381 (D.C. 1958).

The trial court followed the view that the attorney should be responsible to a service provider in the absence of a disclaimer, and held Mr. McCullough liable for the costs of the transcript. It has been said that this view reflects the trend by taking into account modern litigation practices. We agree. This approach allows court reporters to confidently regard themselves as dealing with the attorney, not the client, and the attorney may avoid liability by informing the provider that the client, not the attorney, is responsible for any obligations incurred.

Affirmed.

GLAZE, J., concurs.