Terry R. **BOESCH**, Appellant–Defendant,

v.

**MARILYN M. JONES & ASSOCIATES,**
Appellee–Plaintiff.

No. 46A04–9901–CV–45.

Court of Appeals of Indiana.

June 14, 1999.

---

Terry R. Boesch, Susan Kozlowski, David T. Szumski, Valparaiso, Indiana, Attorneys for Appellant.

Atley C. Price, Michigan City, Indiana, Attorney for Appellee.

**OPINION**

RILEY, Judge

*STATEMENT OF THE CASE*

Appellant–Defendant Terry R. Boesch (Boesch) appeals from the judgment finding him liable for court reporting services provided for his client by Marilyn M. Jones & Associates, Ltd. (Jones).

We affirm.

*ISSUE*

Boesch raises three issues for our review, one of which we find dispositive: Whether an attorney may be held personally liable for the costs of court reporting services he requested on behalf of his client.

*FACTS AND PROCEDURAL HISTORY*

Boesch is an attorney hired by Dr. Sylvester Nathan (Nathan) and Jones is a court reporter hired by Boesch for her services provided at a deposition of Nathan. Neither Jones nor Boesch presented any direct evidence as to the precise terms of the agreement. On November 8, 1996, Jones attended the deposition and recorded Nathan's testimony. Jones was aware that Boesch had arranged for her services on behalf of Nathan. After the deposition, Jones sent a bill for her services to Boesch. Boesch forwarded the bill to Nathan for payment. However, Nathan never paid Jones. After the passage of over five months and issuance by Jones of no less than three billing statements during this time period, Boesch, for the first time, forwarded a letter to Jones indicating that Nathan was responsible for the payment of all deposition charges. Meanwhile, Boesch obtained a judgment against Nathan for attorney fees, and indicated to Jones that the funds, if collected, would be used to pay the court reporting charges. However, Nathan never paid either Boesch or Jones. Therefore, Jones filed suit against Boesch to recover for her services. A bench trial was held on September 21, 1998 and the court issued its judgment on October 1, 1998 in Jones' favor. Boesch now appeals.

*DISCUSSION AND DECISION*

Boesch contends that the trial court should have ruled in his favor based on principles of Indiana agency law. Specifically, Boesch argues that because the expenses of a lawsuit are those of the client, the attorney as an agent is not personally liable on a contract made for his client. Further, Boesch claims that the attorney is an agent for his client, the principal, and the agent is not personally liable on contracts made for a disclosed principal unless the attorney expressly agrees to be bound.

■ Indiana recognizes the general rule that where an agent discloses the identity of his principal and does not exceed his authority when contracting on the principal's behalf, the agent is not personally bound by the contract unless the agent agrees to be so bound. *Winkler v. V.G. Reed & Sons, Inc.*,

638 N.E.2d 1228, 1231 (Ind.1994), *Thompson Farms, Inc. v. Corno Feed Products, Etc.*, 173 Ind.App. 682, 366 N.E.2d 3, 12 (1977). However, we have not yet addressed the question presented by this case. Nevertheless, it is well settled that an attorney, by virtue of the representation, becomes a powerful agent with a great deal of authority. Retention confers on an attorney the general implied authority to do on behalf of the client all acts in or out of court necessary or incidental to the prosecution or management of the suit or the accomplishment of the purpose for which the attorney was retained. Essentially, an attorney is more than a mere agent of the client, he is the sole manager of the business committed to his care. *Koval v. Simon Telelect, Inc.*, 693 N.E.2d 1299, 1302 (Ind.1998); *United Farm Bureau Mut. Ins. Co. v. Groen*, 486 N.E.2d 571, 573 (Ind.Ct. App.1985); *See also Miedreich v. Rank*, 40 Ind.App. 393, 82 N.E. 117, 118 (1907).

Although this court is not bound by the decisions of foreign jurisdictions, where no Indiana cases have addressed the issue, decisions of other states are instructive. When the issue has arisen in other jurisdictions as to whether the attorney should be held personally liable for expenses incurred on behalf of a client, two lines of reasoning have evolved within the general rules of agency law. Some jurisdictions take the position that the attorney is the agent for the client-principal and apply the rule that an agent is not personally liable on contracts made for a disclosed principal in the absence of an express agreement to be bound. *See McCorkle v. Weinstein*, 50 Ill.App.3d 661, 8 Ill.Dec. 567, 365 N.E.2d 953 (1977) (court reporter services were secured by an attorney for his client whose identity was disclosed to court reporter); *see also Ingram v. Lupo*, 726 S.W.2d 791 (Mo.Ct.App.1987); *Free v. Wilmar J. Helric Co.*, 70 Or.App. 40, 688 P.2d 117 (1984); *Eppler, Guerin & Turner, Inc. v. Kasmir*, 685 S.W.2d 737 (Tex.Ct. App.1985).

Courts in other jurisdictions have considered the agency relationship of the attorney and client a modified one, treating the attorney as a principal because his education, experience and professionalism render him in charge of the litigation. In those jurisdictions, the attorney ordering goods or services for the client will also be personally liable for those expenses, in the absence of an express disclaimer of such responsibility. Thus, under this line of reasoning, the burden is on the attorney to expressly disclaim responsibility rather than upon the service provider to obtain the attorney's personal promise to pay. *See McCullough v. Johnson*, 307 Ark. 9, 816 S.W.2d 886 (1991) (holding that this approach allows court reporters to confidently regard themselves as dealing with the attorney, not the client, and the attorney may avoid liability by informing the provider that the client, not the attorney, is responsible for any obligations incurred); *Burt v. Gahan*, 351 Mass. 340, 220 N.E.2d 817 (1966); *Blake v. Ingraham*, 44 Ohio App.3d 38, 540 N.E.2d 759 (1989) (holding that in the absence of an express agreement to the contrary, court officials and persons connected with the progress of the litigation may safely regard themselves as dealing with the attorney); *Copp, Arndt & Associates v. Breskin*, 56 Wash.App. 229, 782 P.2d 1104 (1989).

The trial court followed the view that the attorney should be responsible to a service provider in the absence of a disclaimer, and held Boesch liable for the costs of Jones' court reporting. Further, the court found Boesch to be "more than a mere agent, rather in accordance with his professional duties he is indeed the strategist and is thus empowered to perform the minutiae details of litigation." (R.44). We agree. We think it only fair that an attorney with superior legal knowledge who actively seeks another's services in connection with litigation bear the burden of clarifying his intent regarding payment.

The judgment of the trial court is affirmed.

DARDEN, J., and ROBB, J., concur.