**Johnette H. JACKSON, & Donald L. Jackson, Plaintiffs,**

v.

**ALLSTATE INS. CO., & Martin & Seibert, Defendants.**

No. CIV. A. 3:2000CV78.

United States District Court, N.D. West Virginia, Martinsburg Division.

Dec. 27, 2000.

Lawrence M. Schultz, Burke & Schultz, Martinsburg, WV, Tammy Mitchell Bittorf, Layva & Bittorf, Martinsburg, WV, for plaintiffs.

Tanya M. Kesner, Kesner, Kesner & Bramble, Charleston, WV, Ernest G. Hentschel, II, Charleston, WV, for Allstate Indemnity, defendant.

John O. Easton, Jordan, Coyne & Savits, Fairfax, VA, for Martin & Siebert L.C., defendant.

### MEMORANDUM OPINION AND ORDER DENYING MOTION TO REMAND

BROADWATER, District Judge.

Currently pending before the Court is plaintiffs' motion to remand.[1] For the reasons set forth below, the Court **DENIES** the motion to remand and **DISMISSES** defendant Martin & Seibert from this civil action.

### I. FACTS

This is a civil action against an insurance company and its law firm. Plaintiffs claim that, contrary to the alleged settlement agreement, the law firm did not pay the amounts set forth in the settlement agreement. Consequently, plaintiffs sued both the insurance company and its law firm in state court.

Defendants removed this civil action arguing that plaintiffs have "fraudulently joined" the law firm.[2] Plaintiffs filed a motion to remand.[3] The Court heard oral arguments on these motion during the October 10, 2000 motions hearing.[4]

### II. ISSUE OF LAW

This civil action presents an issue of first impression under West Virginia law: whether, under West Virginia law, a law firm can be held liable under agency theory principles for breach of an alleged settlement agreement executed on behalf of its client.

### III. DISCUSSION OF LAW

1. *Jurisdiction.*

A defendant may remove a civil action if the Court has jurisdiction over the civil action. 28 U.S.C. § 1441(a) (1994). The Court has jurisdiction over civil actions between citizens of different states. 28 U.S.C.A. § 1332 (1993 & Supp.2000). Under the "complete diversity rule," no party may share a common citizenship with any party on the other side. *Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806). However, under the "fraudulent joinder rule," the Court may exercise its removal jurisdiction even though an otherwise non-diverse party is a defendant. *Mayes v. Rapoport,* 198 F.3d 457, 461 (4th Cir.1999). In order to establish the fraudulent joinder a non-diverse party, the removing party bears a heavy burden of showing that there is no possibility of establishing a cause of action against that non-diverse party. *Hartley v. CSX Transp. Inc.,* 187 F.3d 422, 424 (4th

---

1. Doc. # 8.

2. Docs.# 1–3.

3. Doc. # 8.

4. Doc. # 18.

Cir.1999) (quoting *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993)).

### 2. *West Virginia Law.*

■ Because this court sits in diversity, this Court must apply West Virginia state substantive law. *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). If there is no relevant West Virginia state substantive law addressing the issue at hand, this Court must predict how West Virginia state courts would act if confronted with the same issue. *Roe v. Doe*, 28 F.3d 404, 407 (4th Cir.1994). In predicting how West Virginia state courts would act, the Court must not expand upon the laws of West Virginia. *Wade v. Danek Med., Inc.*, 182 F.3d 281, 286 (4th Cir.1999) (citing *St. Paul Fire & Marine Ins. Co. v. Jacobson*, 48 F.3d 778, 783 (4th Cir.1995)).

### IV. ANALYSIS

■ Plaintiffs have not presented any cases in support of their allegations that, in West Virginia, a law firm can be held liable as an agent of its client, the principal, for the breach of an alleged settlement agreement. The cases plaintiffs cite involve the traditional employment setting, *see Courtless v. Jolliffe*, 203 W.Va. 258, 507 S.E.2d 136 (1998); *Barath v. Performance Trucking Co., Inc.*, 188 W.Va. 367, 424 S.E.2d 602 (1992), and health care insurance associations, *see State ex rel. Clark v. Blue Cross Blue Shield*, 203 W.Va. 690, 510 S.E.2d 764 (1998). These cases do not address law firms.

The Court's own survey of West Virginia law illustrates that West Virginia has not specifically addressed the liability of a law firm as an agent of its client for breach of an alleged settlement agreement executed on behalf of its client. *See, e.g., Chevy Chase Bank v. McCamant*, 204 W.Va. 295, 512 S.E.2d 217, 225 n. 6 (1998) (declining to address whether a client can be held liable for the acts of its agent attorney).

*But see May v. Seibert*, 164 W.Va. 673, 264 S.E.2d 643, 646 (1980) (addressing the lawyer as an client's agent with respect to the rules of ethics). Other states have mainly addressed this issue in the context of the lawyers' liability for the costs of litigation services. *See Boesch v. Marilyn M. Jones & Assocs.*, 712 N.E.2d 1061 (Ind.Ct.App. 1999) (court reporting services); *McCullough v. Johnson*, 307 Ark. 9, 816 S.W.2d 886 (1991) (same); *Cahn v. Fisher*, 167 Ariz. 219, 805 P.2d 1040 (Ariz.App.1990) (same); *Anheluk v. Kubik*, 374 N.W.2d 67 (N.D.1985) (same); *Molezzo Reporters v. Patt*, 94 Nev. 540, 579 P.2d 1243 (1978) (same); *Monick v. Melnicoff*, 144 A.2d 381 (D.C.1958) (same); *see also Kates v. Millheiser*, 569 So.2d 1357 (Fla.Dist.Ct.App. 1990) (expert witness fees); *Barbato, Super & Robinson, Inc. v. Koerner*, 394 So.2d 820 (La.Ct.App.1981) (deposition fees).

The Court concludes that West Virginia has not addressed a law firm's potential liability, under agency theory principles, for breach of an alleged settlement agreement. Because this Court sits in diversity applying West Virginia law, the Court cannot expand upon this unexplored area of West Virginia law. *Wade v. Danek Med., Inc.*, 182 F.3d 281, 286 (4th Cir.1999) (citing *St. Paul Fire & Marine Ins. Co. v. Jacobson*, 48 F.3d 778, 783 (4th Cir.1995)). As such, the Court concludes that plaintiffs cannot state a claim against the law firm.

### V. ORDER

For the above stated reasons, the Court:

1. **DENIES** the plaintiffs' motion to remand;[5] and

2. **ORDERS** that defendant Martin & Seibert is **DISMISSED** from this civil action.

The Clerk is hereby directed to transmit copies of this Order to counsel of record herein.

■

5. Doc. # 8.