OPINION
{¶ 1} Defendant-appellant, Hillard M. Abroms, appeals from a judgment of the Franklin County Municipal Court finding in favor of plaintiff-appellee, Spectrum Reporting LLC, as to plaintiff's claim for court reporting fees. For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} In September 2006, plaintiff filed a complaint against defendant in the trial court alleging that defendant owed plaintiff $203.34 on an account. The complaint was filed as a result of a dispute over an invoice for court reporting services submitted to *Page 2 
defendant by plaintiff. The matter was heard before a magistrate of the trial court in January 2007. In July 2007, the magistrate issued a report and decision, which included his findings of fact and conclusions of law. The magistrate found in favor of plaintiff and against defendant in the amount of $203.34, plus interest, and assessed costs to defendant. Defendant filed objections to the magistrate's decision. Defendant expressly stated that he was not challenging the magistrate's findings of fact.
 {¶ 3} The magistrate's findings of fact indicated the following. Plaintiff is a court-reporting company and defendant is an attorney. In 2003, defendant represented Terry Barr in a domestic relations case. Reciprocal depositions of the parties in that case were scheduled for September 11, 2003, and defendant's opposing counsel, Shannon Treynor, contacted plaintiff to request the presence of a court reporter for the depositions. Ms. Treynor chose not to depose defendant's client on September 11, 2003, but defendant chose to depose Ms. Treynor's client, Patricia Barr. At the deposition, plaintiff performed court reporting services and subsequently sent a bill to defendant for the costs of the reporting, $203.34. There was no discussion at the deposition regarding who would pay for the reporting services. Defendant refused to pay the bill, and plaintiff commenced the action that is the subject of this appeal.
 {¶ 4} Although he accepted the magistrate's findings of fact, defendant argued that the magistrate's conclusions of law were contrary to law. The trial court resolved that the magistrate correctly applied the law to the facts and adopted the magistrate's decision in its entirety. The trial court entered judgment for plaintiff and against defendant in the amount of $203.34, plus costs and interest on the principal amount. *Page 3 
 {¶ 5} Defendant appeals from the trial court's judgment and sets forth the following single assignment of error for our review:
 The Trial Court's finding that Defendant was responsible for the Court Reporter's fees, as an agent whom procured services on their behalf of his client is contrary to established agency law and Prof. Cond. Rule 1.8(e).
 {¶ 6} By his assignment of error, defendant argues that the trial court erred in finding that he is liable to plaintiff for the court reporter's fee. Defendant argues that Foster and Associates, Inc. v.LaCour (June 9, 1994), Franklin App. No. 93APG10-1408, controls the resolution of this case and requires the reversal of the trial court's judgment. Defendant additionally argues that, pursuant to Prof. Cond. Rule 1.8(e), and considering that his client was not indigent, he would not have agreed to pay for the court reporter's services at the deposition. Lastly, defendant seems to argue that Ms. Treynor should be responsible for the court reporter fee because she contacted plaintiff to request the professional services.
 {¶ 7} Defendant asserts that he decided to take Ms. Treynor's client's deposition only because Ms. Treynor did not cancel the deposition and all parties were present. Although Ms. Treynor contacted plaintiff to request the presence of a court reporter for the reciprocal depositions scheduled for September 11, 2003, and Ms. Treynor decided not to depose defendant's client, defendant did conduct a deposition of Ms. Treynor's client as scheduled. Thus, we find as unpersuasive defendant's argument that he is not liable because Ms. Treynor initially contacted plaintiff.
 {¶ 8} In Foster and Associates, Inc., an architectural firm sued an attorney for professional services rendered regarding a dispute between the attorney's clients and a *Page 4 
builder. The trial court found the attorney liable to the plaintiff on the authority of Gaines Reporting Serv. v. Mack (1982),4 Ohio App.3d 234. The attorney appealed, arguing by his third and fourth assignments of error that the trial court erred in applying Gaines to the facts of the case, and that the trial court erred in not finding that the attorney was acting as an agent for his clients and therefore not liable for any services contracted for on behalf of the clients.
 {¶ 9} As to the third assignment of error of the attorney inFoster Associates, Inc., this court determined that the trial court erred in applying Gaines. This court recognized that the Gaines court held that absent an express agreement to the contrary, an attorney will be liable for stenographic services ordered by the attorney on behalf of a client. However, this court found a key distinction between the case that was currently before the court and Gaines. See Foster andAssociates, Inc. In Gaines, there was no evidence that the attorney had informed the court reporter that his client would be responsible for the bill; whereas, in Foster and Associates, Inc., the trial court found that the attorney had informed the plaintiff before services were provided that the identified clients would be responsible for the bill. See id. This court stated: "We decline to hold that an attorney is responsible for bills for services the attorney procured on behalf of a client when the attorney expressly informed the service provider in advance that the client would be responsible for the bill and the provider expressed no objection and performed the services." Id. In the analysis regarding the attorney's third assignment of error, this court further noted that the Gaines court did not consider "the effect of DR 5-103(B)." Foster and Associates, Inc. This court resolved that the trial court erred in requiring an *Page 5 
"express agreement" that the client is responsible for the fee, rather than simply "express notice" that the client would be responsible for the fee. Id.
 {¶ 10} Regarding the fourth assignment of error of the attorney inFoster Associates, Inc., this court found that the trial court did not "apply strict agency law to the facts before it." Id. This court outlined basic agency law concepts and principles and found an absence of any applicable standard which would have warranted the application of law other than agency law. See id. This court concluded that, because the attorney was acting as an agent for a disclosed principle, he was not liable to the plaintiff. See id.
 {¶ 11} According to defendant, this court's analysis in Foster andAssociates, Inc., regarding the appellant attorney's fourth assignment of error is controlling here. More particularly, defendant argues that, because he was acting as an agent for his client when he procured services on his client's behalf, he cannot be held liable to plaintiff for the services. We disagree.
 {¶ 12} In Foster and Associates, Inc., this court cited Mark PetersonDental Laboratory, Inc. v. Kral (1983), 9 Ohio App.3d 163, for the proposition that "[a]n agent will not be personally liable for acts done on behalf of a principal if the agent disclosed that he was acting as an agent and identified the principal." This court also noted that the Ninth District Court of Appeals, in Blake v. Ingraham (1989),44 Ohio App.3d 38, stated, at 39, that "`in the absence of express notice to the contrary, court officials and persons connected with the progress of the litigation may safely regard themselves as dealing with the attorney.'"Foster and Associates, Inc., quoting Blake. In Foster and Associates,Inc., this court found this principle expressed in Blake to be inapplicable because there was evidence of an "express notice to the contrary." This court resolved that the attorney *Page 6 
was acting as an agent for a disclosed principal, and was therefore not liable to the service provider. See Foster and Associates, Inc.
 {¶ 13} There is a significant factual difference between Foster andAssociates, Inc., and the case at bar. In Foster and Associates,Inc., the attorney informed the professional services provider, before the services were provided, that his expressly identified clients would be responsible for the bill. In the case at bar, there was an absence of express notice in advance that defendant's client would be responsible for the bill for plaintiff's services. Thus, plaintiff was safe to regard itself as dealing with defendant as to those services.
 {¶ 14} Lastly, as to defendant's argument based on Prof. Cond. Rule 1.8(e), we find that defendant does not explain how this rule would prohibit him from becoming liable to a court reporting service provider in connection with his client's case. Nonetheless, defendant apparently relies on the language in Foster and Associates, Inc., referring to the applicable version of DR 5-103(B), which, like Prof. Cond. Rule 1.8(e) does now, regulated lawyers' financial assistance to clients before February 1, 2007.
 {¶ 15} DR 5-103(B) prohibited a lawyer from providing financial assistance to a client for expenses other than litigation costs. Effective February 1, 2007, the Rules of Professional Conduct superseded and replaced the Code of Professional Responsibility, and governs the conduct of lawyers occurring on or after that effective date. Prof. Cond. Rule 1.8(e) prohibits a lawyer from providing financial assistance to a client in connection with pending or contemplated litigation, except that a lawyer may advance court costs and expenses of litigation and, if the client is indigent, the lawyer may pay court costs and expenses of litigation on behalf of the client. *Page 7 
 {¶ 16} In referencing the applicable version of DR 5-103(B), this court in Foster and Associates, Inc., placed particular emphasis on the language of that rule stating that the "client remains ultimately liable for such expenses." This court's reference to this language suggested that the holding in Gaines, supra, was inconsistent with the rule simply because the rule provided that the client remained ultimately liable for litigation expenses. See Allen v. Donlin (Feb. 16, 1996), Trumbull App. No. 95-T-5194. However, on June 14, 1999, this language was removed from DR 5-103(B), and the section thereafter provided that the repayment of litigation expenses may be contingent on the outcome of the matter. Thus, the analysis in Foster and Associates, Inc., based on that language is not binding here.
 {¶ 17} For the foregoing reasons, we conclude that the trial court did not err in finding in favor of plaintiff and against defendant as to plaintiff's claim for court reporting fees. Accordingly, we overrule defendant's single assignment of error and therefore affirm the judgment of the Franklin County Municipal Court.
Judgment affirmed.
 SADLER and TYACK, JJ., concur. *Page 1