[Cite as *Boddie v. Van Steyn*, 2014-Ohio-1069.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Howard Boddie, Jr., | : | |
| Plaintiff-Appellant, | : | No. 13AP-623 |
| | | (C.P.C. No. 10CVH-15026) |
| v. | : | |
| | | (ACCELERATED CALENDAR) |
| Dr. Scott J. Van Steyn, | : | |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on March 20, 2014

*Howard Boddie, Jr.*, **pro se.**

*Roetzel & Andress, LPA*, *Thomas A. Dillon*, **and** *Jeremy S. Young*, **for appellee.**

APPEAL from the Franklin County Court of Common Pleas.

BROWN, J.

{¶ 1} Howard Boddie, Jr., plaintiff-appellant, appeals from the judgment of the Franklin County Court of Common Pleas which granted the motion for summary judgment filed by Dr. Scott J. Van Steyn, defendant-appellee.

{¶ 2} Appellant was scheduled for a criminal jury trial on May 26, 2009, for felony offenses charged against him in 2008. Todd Barstow represented appellant. Leigh Bayer and Shontell Walker were prosecutors for the case. On April 27, 2009, appellee performed knee surgery on appellant. On April 29, 2009, appellant asked appellee if he would provide a doctor's note excusing him from attending court due to his medical

condition. Appellee wrote appellant a doctor's note, which indicated, "For Howard Boddie: Unable to attend court until July 1, 2009."

{¶ 3}   On May 16, 2009, Barstow faxed a letter to appellee dated May 15, 2009. In the letter, Barstow stated that he represented appellant in several felony matters set for jury trial on May 26, 2009, and prosecutor Bayer thought that either the doctor's note was forged or that appellee overstated the severity of appellant's condition. The fax included a subpoena requiring appellee's presence at a hearing on May 26, 2009, as well as production of appellant's medical records. Barstow invited appellee to call him to discuss the matter and further stated that it was "[p]ossibl[e] you have additional information that would satisfy the prosecutor. She can be reached at 462-3555 should you wish to communicate with her directly."

{¶ 4}   After receiving the letter, appellee telephoned Barstow. Barstow and appellee discussed appellee's court appearance on May 26, 2009, and Barstow told appellee to call Bayer to discuss his appearance and appellant's inability to attend trial.

{¶ 5}   Soon after the telephone conversation, appellee wrote a second note regarding appellant's medical condition and his inability to attend the May 26, 2009 trial, which provided: "To whom it may concern: Howard Boddie is currently under my care following surgery for a complex knee injury. He is on crutches and taking narcotic pain medication and in my opinion unable to attend trial."

{¶ 6}   After authoring the second note, appellee telephoned Bayer. Appellee avers that, during the telephone call with Bayer, he did not disclose any details regarding appellant's medical condition beyond that disclosed in the two letters.

{¶ 7}   On October 13, 2010, appellant filed an action against appellee, alleging breach of physician-patient confidentiality. Appellant claimed he did not authorize appellee to make any additional disclosures after the initial note to Barstow and Bayer regarding his medical condition. On April 2, 2013, appellee filed a motion for summary judgment. On April 12, 2013, appellant filed a motion for summary judgment. On June 27, 2013, the trial court issued a decision granting appellee's motion for summary judgment and denying appellant's motion for summary judgment. Appellant appeals the judgment of the trial court, asserting the following assignments of error:

> [I.]   The Trial Court erred as a matter of law and abused its
> discretion  by  granting  Defendant-Appellee's  Motion  for

Summary Judgment; when the issue of liability was based on unauthorized disclosures of confidential medical information and no signed authorizations were ever produced; and, in fact, such breach of physician-patient confidentiality were made without consent or privilege.

[II.] The Trial Court erred as a matter of law and abused its discretion by Denying Plaintiff-Appellant's Motion for Summary Judgment; when there were no genuine issues of material fact and Plaintiff-Appellant was entitled to Summary Judgment; as the issue of liability was based on the Defendant-Appellee, Doctor's unauthorized disclosures without any signed authorizations, consents or privilege.

{¶ 8} We will address appellant's assignments of error together, as they both generally rely upon the same arguments. Appellant argues in his assignments of error that the trial court erred when it granted summary judgment in favor of appellee and denied summary judgment in his favor. Summary judgment is appropriate when the moving party demonstrates that: (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion when viewing the evidence most strongly in favor of the non-moving party, and that conclusion is adverse to the non-moving party. *Hudson v. Petrosurance, Inc.*, 127 Ohio St.3d 54, 2010-Ohio-4505, ¶ 29; *Sinnott v. Aqua-Chem, Inc.*, 116 Ohio St.3d 158, 2007-Ohio-5584, ¶ 29. Appellate review of a trial court's ruling on a motion for summary judgment is de novo. *Hudson* at ¶ 29. This means that an appellate court conducts an independent review, without deference to the trial court's determination. *Zurz v. 770 W. Broad AGA, L.L.C.*, 192 Ohio App.3d 521, 2011-Ohio-832, ¶ 5 (10th Dist.); *White v. Westfall*, 183 Ohio App.3d 807, 2009-Ohio-4490, ¶ 6 (10th Dist.).

{¶ 9} When seeking summary judgment on the ground that the non-moving party cannot prove its case, the moving party bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on an essential element of the non-moving party's claims. *Dresher v. Burt*, 75 Ohio St.3d 280, 293 (1996). The moving party does not discharge this initial burden under Civ.R. 56 by simply making a conclusory allegation that the non-moving party has no evidence to prove its case. *Id.* Rather, the moving party must affirmatively demonstrate by affidavit or other evidence

allowed by Civ.R. 56(C) that the non-moving party has no evidence to support its claims. *Id.* If the moving party meets its burden, then the non-moving party has a reciprocal burden to set forth specific facts showing that there is a genuine issue for trial. Civ.R. 56(E); *Dresher* at 293. If the non-moving party does not so respond, summary judgment, if appropriate, shall be entered against the non-moving party. *Id.*

{¶ 10} In the present case, appellant's claim was for breach of doctor-patient confidentiality. "In Ohio, an independent tort exists for the unauthorized, unprivileged disclosure to a third party of nonpublic medical information that a physician or hospital has learned within a physician-patient relationship." *Biddle v. Warren Gen. Hosp.*, 86 Ohio St.3d 395 (1999), paragraph one of the syllabus. Thus, there can exist no tort, in this respect, for a disclosure that is authorized by the patient. *See id.*

{¶ 11} Here, appellant argues that the trial court erred when it found he authorized appellee to reveal his medical condition to third parties after the first note. The trial court first concluded the evidence demonstrated that the only communication beyond the first note that appellee had with third parties was the second note. The court then found the second note was an "expansion" of the first note and was authorized by actual authority or authority implied from express authority given to appellee by appellant. The trial court further found that, even if the second note was not authorized by the express authority given for the first note, appellee had the legal authority to rely on the consent given to him by Barstow, because Barstow was appellant's attorney and had the express and/or apparent authority to act on behalf of appellant. The court reasoned that appellant did not want to appear at his trial and gave Barstow express authority to request a continuance based upon his medical condition, which would also entail any follow-up actions necessary to procure the continuance.

{¶ 12} Appellant contends that, because he gave no express authority or signed authorization for appellee to disclose his medical information to third parties beyond the first note, there remained genuine issues of material fact. He maintains that the trial court improperly found an implied consent, when his request for the first note was limited to his desire for appellee to write a single note indicating only that he could not attend trial.

{¶ 13} However, we find that we need not address whether appellee was granted actual authority by appellant to write the second note as an "expansion" of the first note

because, even if we were to assume the second note was not authorized by the express authority given for the first note, appellee had authority to author the second note based upon the authority given to him from Barstow as appellant's attorney. It is undisputed that Barstow was appellant's legal representative from the outset of the criminal matters. It is well-settled that the relationship between an attorney and client is that of an agent and a principal. *Gaines Reporting Serv. v. Mack*, 4 Ohio App.3d 234 (6th Dist.1982). It is also a well-settled rule that a principal is bound by the acts of an agent acting within actual or apparent scope of the agent's authority. *Weeks v. United States*, 245 U.S. 618 (1918).

{¶ 14} As relied upon by the trial court, we also believe the legal notions expounded in *Master Consol. Corp. v. BancOhio Natl. Bank*, 61 Ohio St.3d 570 (1991), are applicable to the facts of this case. In *Master Consol.*, the court defined "apparent authority" as " 'the power to affect the legal relations of another person by transactions with third persons * * * arising from * * * the other's manifestations to such third persons.' " *Id.* at 576, quoting 1 Restatement of the Law 2d, Agency, Section 8, at 30 (1958). The court in *Master Consol.* further explained:

> " '[w]here a principal has by his voluntary act placed an agent in such a situation that a person of ordinary prudence, conversant with business usages, and the nature of the particular business, is justified in assuming that such agent is authorized to perform on behalf of his principal a particular act, such particular act having been performed the principal is estopped as against such innocent third person from denying the agent's authority to perform it.' * * * "

*Id.*, quoting *Gen. Cartage & Storage Co. v. Cox*, 74 Ohio St. 284, 294 (1906).

{¶ 15} In the present case, appellant averred in his affidavit that he informed appellee of his pending court date and requested that he prepare a note for him to present to the trial court to excuse his absence from his criminal proceedings. Thus, appellant made it clearly apparent to appellee that appellant was going to give the note to third parties to excuse his absence, and, in fact, appellant gave the note to his attorney, Barstow. In his May 15, 2009 letter, Barstow informed appellee that he represented appellant as his attorney and appellant had given him the medical note. Thus, appellant, by his voluntary act of providing the medical excuse to his attorney, placed appellee in a

situation that a person of ordinary prudence would be justified to assume Barstow was authorized to seek further information from appellee regarding appellant's medical condition in order to secure permission for his non-attendance. Having sought the first medical note and providing it to Barstow, appellant is estopped as against appellee from denying Barstow's authority to seek additional medical information. In other words, by requesting the first note and giving it to his attorney, appellant implied to appellee that he could further discuss appellant's medical reasons for being unable to attend trial, and appellee could have reasonably believed that Barstow's letter was granting him permission to discuss appellant's medical reasons for being unable to attend trial.

{¶ 16} Furthermore, given our determination that appellant gave Barstow the apparent authority to seek further medical information regarding appellant's inability to attend trial and that appellee reasonably relied upon such authority in providing the second note, we must find that appellee's conversation with Bayer was proper. In his May 15, 2009 letter, Barstow invited appellee to call Bayer and discuss the matter, and he reiterated the same invitation in their subsequent telephone conversation. Appellee averred that he disclosed nothing more about appellant's medical condition to Bayer in their telephone conversation than appellee disclosed in the second note. Therefore, appellee's disclosure of medical information to Bayer was not improper. In addition, although appellant also claims that appellee made a disclosure to another prosecutor, Walker, there is no evidence of such in the record, other than appellant's affidavit averments, which are not based upon personal knowledge and are unsupported by other evidence. Therefore, we must reject these arguments.

{¶ 17} Appellant also presents an argument that relies upon the allegation that appellee wrote the first and second notes at the same time, on April 29, 2009, and they were given to Barstow at the same time. Although this allegation relates to the issue of whether the second note was proper as an "expansion" of the first note, which is moot given our determination above, we, nevertheless, find that there is no evidence in the record that the first and second notes were both written on April 29, 2009. In his affidavit, appellee avers that he submitted the second note around the time of his phone conversation with Barstow and after he had received the letter and subpoena from Barstow. Therefore, this argument is without merit.

{¶ 18} Appellant also argues that the Health Insurance Portability and Accountability Act ("HIPAA") required appellee to contact him before further disclosures in order to obtain a signed consent. The purpose of HIPAA is to prevent the disclosure of protected health information by health care providers, except under certain exemptions as required by law. 45 C.F.R. 164.502. However, HIPAA does not allow a private cause of action, according to Ohio law. *OhioHealth Corp. v. Ryan*, 10th Dist. No. 10AP-937, 2012-Ohio-60, ¶ 18, citing *Henry v. Ohio Victims of Crime Comp. Program*, S.D.Ohio No. 2:07-cv-0052 (Feb. 28, 2007) ("Congress neither expressly nor impliedly provided for any private rights of action to enforce HIPAA."); *Shepherd v. Sheldon*, N.D.Ohio No. 1:11 CV 127 (July 21, 2011) (plaintiffs apparently conceded HIPAA did not create a private cause of action); *Siegler v. Ohio State Univ.*, S.D.Ohio No. 2:11-cv-170 (May 23, 2011) (in creating HIPAA, Congress did not provide for any private right of action to enforce it); *Wood v. Blyer*, N.D.Ohio No. 5:06 CV 137 (Aug. 9, 2006) (HIPAA does not provide a private cause of action for improper disclosures of medical information but, rather, provides civil and criminal penalties which must be enforced by the Department of Health and Human Services). Thus, appellant's reliance upon HIPAA to support his claims is misguided. For the foregoing reasons, appellant's first and second assignments of error are overruled.

{¶ 19} Accordingly, appellant's two assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

TYACK and KLATT, JJ., concur.

_____